## SIDNEY W. DARKE, APPELLANT, *v.* ELWIN A. IRELAND, RESPONDENT.

EXCESSIVE JUDGMENT NOT VOID.—In an action of claim and delivery the value of the property claimed was admitted by the pleadings to be $2500, a part of the property was admitted to belong to the plaintiff, and issue taken as to the residue; all of the property was delivered to the plaintiff in obedience to the writ, and on the trial the jury found the issues for the defendant; judgment was thereupon entered for defendant for the recovery of that portion of the property not admitted to belong to plaintiff, or in lieu thereof for the sum of $2500. The value of the property admitted to be plaintiff's did not appear; *held,* that the judgment, although erroneous, was not void.

MOTION TO VACATE—ADJOURNMENT OF TERM.—A motion to set this judgment aside having been made after the adjournment of the term and more than a year after the judgment was rendered; *held* that the court had lost its power to vacate it, and that for this purpose it was not continued by the filing and serving, during the term in which the judgment was rendered, of an affidavit stating reasons for a new trial.

APPEAL from an order of the district court of the first district, denying a motion to vacate a judgment. The facts are stated in the opinion of the court.

*Messrs. Hoge & Burmester,* for the appellant.

There is nothing in the answer, either allegation or prayer, by which it can be inferred that defendant is entitled to the possession of the property, or to authorize a judgment in his favor for the possession of the same, or for the value thereof.

The jury returned into court the following verdict: "We, the jury, find for the defendant on the issues in the above entitled cause."

We claim that the judgment is not supported by the pleadings, and that a judgment not supported by the pleadings is fatally defective, unauthorized, and void: *Bachman* v. *Sepulveda,* 39 Cal. 688.

The verdict is in itself so defective that it will not support a judgment, and is therefore unauthorized and void.

This verdict fails entirely to specify the property enumerated in the complaint or answer; or that the property mentioned in the judgment was the property of the defendant, or that he was entitled to the possession thereof, or that it was not the property of the plaintiff: *Campbell* v. *Jones*, 38 Cal. 507; Powell on Appellate Proceedings, p. 146, sec. 48, and authorities therein cited,

This transcript shows that the judgment was in the alternative, was rendered for the full value of the property, $2,500.00—when the answer waives the right to one billiard table, or for the return of the property, without any pleading, to show that the defendant is entitled to either, and is therefore as absolutely void as if it had been rendered without any pleading having been put in. There is nothing to support it, neither pleading nor verdict: *Gould* v. *Scannell*, 13 Cal. 431; 17 Abb. Pr. 35; 12 id. 144; *Dederick's Adm'rs* v. *Richley*, 19 Wend. 108; *Merchants Bank* v. *Boyd*, 3 Denio, 257; *Chappell* v. *Chappell*, 12 N. Y. 215; 17 Pick. 169.

If a judgment is void or wholly unauthorized, a motion may be made at any time to set aside all process in the court from which it issued, and by order of court, refuse to permit the party to enforce the judgment: 14 Cal. 158; 19 Cal. 707; 31 Cal. 170; 37 Cal. 527; 17 Abbot, 35; 12 Abbot, 144.

This being so, why should not a motion to set aside such a judgment also be entertained; we think there can be no valid reason suggested why it should not. In New York, Massachusetts, and some other States, it is held it may be done after the adjournment of the term, while California and some other States hold the contrary: *Tillinghast & Sherman*, Sec. 722, 723, 724; *Hallett* v. *Righters*, 13 How. 43.

*Messrs. Marshall & Royle*, for the respondent.

After the adjournment of the term at which the judgment was rendered, the court lost all power over the cause, and could not disturb its judgment on motion of plaintiff, except in cases provided by statute, where a party can

move in six months for specified causes. 1 Estee's Plead. (2d edition), p. 33, sec. 57; 4 Cal. 280; *Snydam* v *Pitcher*; 3 Cal. 407, *Carpenter* v. *Hart*; 8 Cal. 521, *Shaw* v. *Mc-Gregor;* 25 Cal. 52, *De Castro* v. *Richardson;* 28 Cal. 338, *Casement* v. *Ringold;* 2 Cal. 582, *Baldwin* v. *Kramer;* 6 Cal. 22, *Robb* v. *Robb;* 3 Cal. 255, *Morrison* v. *Dapman;* 9 Cal, 352, *Brangu* v. *Chevalier;* 19 Cal. 127, *Swain* v. *Noglee;* 19 Cal. 708, *Bell* v. *Thompson;* 21 Cal. 273, *Lewis* v. *Ridgly;* 1st Woodbury & Minot 61, *Jenkins* v. *Eldridge;* 31 Miss. 153, *Sagney* v. *Bayliss;* 24 Ills. 295, *Cook* v. *Wood;* 26 Ill. 186, *Smith* v. *Wilson;* 12 Peters U. S., *Sibbold* v. *U. S.* 492; 3 Howard U. S. 413, *Washington Bridge Co.* v. *Stewart.*

In this case, where the plaintiff is moving, and there cannot be any question about personal service, the remedy *by motion to set aside the judgment,* could only have been used by plaintiff during the continuance of the May term of the district court of the first district. The motion was not made during that term, and could not under any law of this Territory be made afterwards. See some of the above authorities, also: 20 Cal. 114, *Bibend* v. *Kreutz;* 19 Cal. 707, *Bell* v. *Thompson;* 10 Missouri 686, *Harrison* v. *Slade;* 32 Missouri 423, *Barber* v. *Pacific R. R. Co.;* 21 Miss. 226, *Bank* v. *Lewis;* 34 Cal. 236, *McKinley* v. *Tuttle.*

The motion to set aside the judgment cannot be sustained under the 68 section of the practice act, because:

1st. When there is no question as to service of process, the motion to set aside must be founded upon, and must show on its face that it is founded upon "mistake, inadvertence, surprise, or excusable neglect." See said Section 68; 3 Estees Pleading (2d Ed.), p. 320, No. 1019; 3 Estees Pleading (2d Ed.), p. 321, No. 1020; 3 Estees Pleading (2d Ed.), p. 321, sec. 73. And

2d. The motion should have been accompanied by an affidavit of merits. Such an affidavit was indispensable, and, in fact, no affidavit was filed: 34 Cal. 80, *Parrott* v. *Den;* 29 Cal. 422, *Bailey* v. *Taaffe;* 35 Mo. 517, *Florez* v. *Uhrigs, Administrator.*

Zane, C. J.:

This is an appeal from an order of the court below, overruling a motion to set aside a judgment on the verdict. The plaintiff filed his complaint, duly verified, claiming the personal property described, and alleging its value to be two thousand five hundred dollars. The defendant answered, admitting the right and title of one billiard table to be in plaintiff, and denied that defendant had taken or detained it, and denied the allegation of right in plaintiff to the other property, but did not deny the allegation of value. Defendant also justified taking the goods, except the billiard table mentioned, as United States marshal, under a writ of attachment against Robert Burns, in favor of Livingston & Co., alleged property in the former, indebtedness from him to the latter, and that plaintiff took the goods under legal process while defendant was so holding them.

Section 1290 Compiled Laws, Utah, provides that every material allegation of the complaint, when it is verified, not specially controverted by the answer, shall, for the purpose of the action, be taken as true, and allegation of new matter in the answer, shall, on the trial, be deemed controverted by the adverse party. Under this statute, the pleadings presented an issue on plaintiff's right, on property in Burns, on the justification under the attachment, and on the taking of the goods afterwards by the plaintiff. These issues were submitted to a jury, who, on the twenty-fifth day of May, 1883, returned the following verdict: "We, the jury, find for the defendant on the issues in the above entitled cause." And the court, on the same day, adjudged that defendant recover of the plaintiff the possession of the property described in the complaint, except the billiard table, admitted in the answer, to belong to plaintiff, or two thousand five hundred dollars in case delivery could not be had. On June 21, 1884, the plaintiff filed a notice of motion to set aside the judgment. 1st. Because it was not supported by the pleadings. 2d. Because it was not supported by the verdict. We find no error in the pleadings.

The property described in the complaint alleged to be of the value of two thousand five hundred dollars, included a billiard table conceded to plaintiff. The value of this table is not averred and does not appear; but assuming it to be worth something, the value of the property found for the defendant was less than two thousand five hundred dollars. It was error to enter up judgment for the full amount alleged in the complaint, including the value of plaintiff's table, in case a delivery of the property could not be had. This error, however, did not render the judgment void. The court having obtained jurisdiction over the person and over the subject matter, error in the exercise of that jurisdiction did not make the judgment void: Freeman on Judgments, sec. 135.

More than a year intervened between the twenty-fifth day of May, 1883, the date of this judgment, and the twenty-first day of June, 1884, when the notice of the motion to set it aside was filed, and several terms of the district court in which it was rendered had intervened.

After an adjournment of a term of court at which a judgment is rendered, the court loses all power to set it aside on motion made at a subsequent term, in the absence of a statute authorizing it to be done: 1 Estee's Plead., 2d ed., p. 33; *Carpenter* v. *Hart,* 5 Cal. 407; *De Castro* v. *Richardson,* 25 Cal. 52.

It appears from the record that on June 20, 1883, twenty-six days after the date of the judgment and during the term at which it was rendered, the plaintiff filed an affidavit in which he stated certain reasons for a new trial, and on the twenty-seventh day of the same month this affidavit appears to have been served on defendant. This is all that appears on the record with respect to the motion. The plaintiff urges that the effect of these steps towards a motion for a new trial, was to retain jurisdiction in the court over the case for the purpose of the motion to vacate the judgment. No such notice of motion as is required by section 1420 of the Compiled Laws of Utah, 1876, was given. The failure to comply with the law with respect to the motion, with the further fact that no notice appears to have been taken of it by the court or counsel,

authorizes the inference that the motion for a new trial was abandoned.

The order of the court below appealed from is affirmed.

POWERS, J. concurred.