RICY H. JONES, APPELLANT, *v.* NEW YORK LIFE INS. CO., RESPONDENT.

ORDER—WHEN FINAL AND APPEALABLE—TIME OF TAKING APPEAL —VACATING JUDGMENT.

1. An insurance company, sued upon a policy which it had given, admitted liability, but alleged that two persons made conflicting claims, to the amount due, and the court, upon a hearing, required them to interplead, and upon a deposit of the amount with the clerk made an order discharging the company from further liability. *Held,* that the order was final as to the company, and therefore appealable.

2. An appeal from an order made upon a hearing discharging the defendant, not having been taken within 60 days after notice of it, authorizes the presumption that such facts were proven, as without which the decision could not have been made, as the evidence in the bill of exceptions cannot be considered.

3. A motion to vacate a final judgment comes too late after the term has expired, and after the time within which a motion for a new trial can be made, and it should be denied.

(No. 710.  Decided Dec. 11, 1896.)

Appeal from the First judicial district court. Hon. C. H. Hart, *Judge.*

Action by Ricy H. Jones against the New York Life Insurance Company. From various orders, and from judgment plaintiff appeals. Affirmed. This was the second appeal of this case. It was before the territorial supreme court at the June term of 1895. The opinion of the court is found in 11 Utah 401. The final order in this cause was made on the 4th day of March, 1895.

The facts are recited in the opinion rendered by the supreme court of the territory. A long time after the opinion was rendered by the supreme court, the plaintiff made a motion to vacate the final order of the court, and have a new trial. This motion was filed and served February 3, 1896. Appellant appeals from the order entered March 4, 1895, dismissing this defendant from further liability. He also claims to have appealed from the order of the court entered February 21, 1896, denying his motion to vacate and set aside the judgment and grant a new trial.

*John M. Zane,* for appellant.

By a final judgment, it is to be understood, not a final determination of the rights of the parties in the subject matter of litigation, but merely of the particular suit." Syllabus in *Belt* v. *Davis,* 1 Cal., page 135, citing 13 cases. Enc. Pl. and Practice, vol. 2, p. 53-4, note 3.

A judgent on interpleader is final and appealable, before the determination of the main suit. 2 Enc. of Pl. and Practice, p. 74, note Interpleader; *Weisenecker* v. *Kepler,* 7 Mo. 52; *Smith* v. *Sterret,* 24 Mo. 260; *Hutchinson* v. *McLaughlin,* 15 Colo. 493.

The company denied their liability for interest. In support of the fundamental propositions, that there can be no interpleader when the "party liable" "has incurred an independent obligation," or "if not ignorant of the rights of either claimant," or has acknowledged the title of either, or is in collusion with either, or "admits liability for principal but denies interest." The following cases are cited; *Phister* v. *Wade,* 56 Cal. 46; Story Eq. Pl. p. 281; 35 Am. Dec. 708, n. 3; Pom. Rem. 2 Ed. p. 461; *Budesburg Mfg. Co. App.,* 106 Pa. St. 275.

That the answer was sham and irrelevant; good in form, false in fact, and not pleaded in good faith, and should have been stricken out and judgment given plaintiff, see Sec. 323, p. 250 Code; *Gorstorfs Toofe*, 18 Cal. 386; *Goldstein* v. *Krause*, 13 Pac. 232; *Felch* v. *Beaudrey*, 40 Cal. 439; *Humme* v. *Hays*, 55 Cal. 337; *Loveland* v. *Gomer*, 74 Cal. 298; *City et al.* v. *Straude et al.*, 28 Pac. 778.

The following cases are cited to show the plaintiff's absolute rights, not only against the company but against the whole world: *Ashley* v. *Ashley*, 3 Sim. 149; *St. John* v. *Am. Nat. Life Ins. Co.*, 12 N. Y. 3; *Clark* v. *Allen*, 23 Am. Rep. 498; *Rittler* v. *Smith*, 2 L. R. A. 845; *Page* v. *Burnstuce*, 3 McArthur (U. S.) 194; *Henick* v. *Butler*, 9 West. Rep. 845; Ray on Contractual Limitations.

*Frank Pierce*, for respondent.

ZANE, C. J.:

The plaintiff brought this action upon an insurance policy executed by the defendant on the life of the late Lewis H. Jones, to recover $1,500 and interest, and he alleged that the policy had been assigned to him by the insured shortly before his death. The defendant filed a pleading designated an answer and interpleader duly verified. The answer admitted the material allegations of the complaint, except that it denied the assignment, and defendant's liability for interest and costs. It alleged by way of interpleader that one B. H. Jones claimed to be administrator of the estate of Lewis H. Jones, and that he claimed as such administrator the money due on the policy; that plaintiff also claimed the money; and that defendant was ignorant of the rights of the respective claimants, and denied collusion with either of them, and offered to bring the money into court, and deliver it to such person as the court might desig-

nate; and upon such delivery the defendant asked the court to discharge it from liability. The plaintiff moved the court to strike out the answer on the ground that it was sham and irrelevant, and for judgment for plaintiff, and for such other order as might be just, and for costs, and cited the defendant into court. The court fixed the 4th day of March, 1895, for the hearing. On that day the parties appeared, and the court, after reciting the cause came on regularly for hearing upon the motion of the plaintiff to strike out the answer from the files, and for judgment on the pleadings; that defendant's answer was duly verified, and was sufficient in law; ordered the same treated as an affidavit; and found, further, that B. H. Jones, as administrator of the estate of Lewis H. Jones, claimed the money sued for; and that the plaintiff, as administrator of the estate of the deceased, also claimed it; and that such claims were without collusion; and that defendant asked that such claimants be substituted, and that the case was a proper one for substitution. The court denied the motion for judgment on the pleadings, and ordered further that B. H. Jones, as administrator of the estate of L. H. Jones, and Ricy H. Jones, as administrator of the same estate, be substituted as parties defendants, and that defendant, the insurance company, on depositing with the clerk of the court $1,555 principal, and the interest thereon and costs to date, within ten days, should be dismissed from the case, and discharged from further liability. The denial in the answer of liability for interest and costs was waived by defendant. This entire order was excepted to and assigned as error. An appeal from this same order was before the supreme court of the late territory, and that court, after considering it, held that the appeal was not from that part of the order discharging the defendant, the insurance company, and that the part of

the order allowing the parties to interplead, and over-ruling the motion to strike the answers from the files, was not appealable, and dismissed the appeal.

Whatever may be said as to whether the other parts of the order were final or not appealable, that part dismissing the defendant from the action, and discharging it from further liability, was final as to the defendant, and the rights of the plaintiff against it, and therefore appealable. But this appeal was taken more than 11 months after that judgment was rendered and notice to plaintiff. That being so, we cannot examine the bill of exceptions, and determine therefrom the facts mentioned in the order or essential to it. Subdivision 1, § 3635, Comp. Laws Utah 1888, giving the right of appeal from final judgments or district courts in actions or special proceedings, declares that "an exception to the decision or verdict on the ground that it is not supported by the evidence cannot be reviewed on an appeal from the judgment, unless the appeal is taken within sixty days after the rendition of the judgment." The judgment having been rendered by a court of record and of general jurisdiction, it will be presumed that those facts, without proof of which the judgment could not have been rendered, were proven.

The plaintiff also appealed from the order of the court overruling his motion to vacate the judgment dismissing the defendant from the action, and discharging him from further liability to either party. It also appears that this motion to vacate was made after the term at which judgment was rendered, and after two other terms had intervened. The motion could not be regarded as an application for a new trial, because it came too late. The order sought to be vacated was not void, and it was rendered upon a hearing. It was not a judgment upon default. It was a judgment the court intended to enter

after a hearing, and the court had jurisdiction of the subject-matter and of the parties.

On the hearing the court received the answer and interpleader as an affidavit, as appears from the order. This was not error, as the answer and interpleader were duly verified, and they contained the facts required to be stated in the affidavit required by section 3188, Id. The answer that accompanied the interpleader admitted the liability of the defendant, but denied the assignment to plaintiff; and the interpleader stated that plaintiff and B. H. Jones, as administrators of the estate of L. H. Jones, respectively claimed the money sued for. There being no denial of defendant's liability, we are disposed to hold that it was not error to file it with the affidavit, or as a part of it.

Other exceptions were taken, and appear in the record, and are assigned as error; but upon consideration of them we are of opinion that they should not be sustained. We find no reversible error in the record. Orders appealed from are affirmed.

BARTCH and MINER, JJ., concur.