## CHARLESTON.

RYAN v. PINEY COAL & COKE Co.

Submitted January 23, 1912.    Decided June 24, 1913.

PROCESS—*Amendment of Summons.*

> Under §15, ch. 125, Code 1906, a summons in assumpsit, served on defendant, may be amended so as to correct the variance between it and a declaration in trespass on the case.

(MILLER, JUDGE, absent).

Error to Circuit Court, Raleigh County.

Action by C. C. Ryan against the Piney Coal & Coke Company. Judgment for defendant, and plaintiff brings error.

*Reversed and Remanded.*

*A. A. Lilly,* and *T. N. Read,* for plaintiff in error.

*Watts, Davis & Davis,* for defendant in error.

LYNCH, JUDGE:

The plaintiff, while employed in defendant's coal mine, received the injury for which he seeks recovery in this action.

The summons issued and served on defendant required it to answer plaintiff "of a plea of trespass on the case in assumpsit," while the declaration required it to answer "of a plea of trespass on the case." The defendant, having appeared specially for the purpose within the time fixed by statute, tendered its plea in abatement, because of the variance between the writ and the declaration. While the record does not show, except by implication, plaintiff's motion for leave to amend the writ, the final order recites that the court "doth decline to permit the plaintiff to amend the writ in this action to make the same correspond with the declaration in trespass on the case,  *  *  * and doth therefore consider that the plaintiff's suit be abated (without prejudice, however, to the institution of another suit by plaintiff for the same cause of action, should he so desire), except in so far as the adjudication in this case in sustaining the plea in abatement and refusing the amendment asked for may affect it if such action herein may do so," to which ruling plaintiff excepted.

Giving effect to the explicit language of § 15, ch. 125, Code 1906, it is apparent that the court erred in its refusal to permit plaintiff to amend the writ in this action. It provides that "the defendant on whom the process summoning him to answer appears to have been served shall not take advantage of any defect in the writ or return, or any variance in the writ from the declaration, unless the same be pleaded in abatement; and in every such case the court may permit the plaintiff to amend the writ or declaration so as to correct the variance, and permit the return to be amended, upon such terms as to it shall seem just." See *Barnes* v. *Grafton,* 61 W. Va. 408, 410; *Ryan* v. *Coal & Coke Co.,* 69 W. Va. 692.

For the reasons stated, the judgment of the circuit court is reversed, leave to amend the writ granted, and the case remanded.

*Reversed and Remanded.*