# CHARLESTON.

BARTLEY V. WESTERN MARYLAND RAILWAY CO.

Submitted February 26, 1918.  Decided March 5, 1918.

1. PLEADING—*Amendment—New Cause of Action.*

An amended declaration alleging the act of negligence complained of to consist of suddenly and violently starting the train, after it had stopped and before plaintiff had time to alight, thereby throwing him to the ground and injuring him, instead of, as alleged in the original declaration, failure to stop the train at the station and thereby compelling plaintiff to alight while the train was in motion, does not state a new cause of action.  (p 796).

2. CARRIERS—*Passengers—Care Required.*

A common carrier is held to the highest degree of care, commensurate with reasonable foresight and judgment, for the safe carrying of its passengers.  The slightest degree of negligence causing them injury renders the carrier liable.  (p. 798).

3. TRIAL—*Injury to Passenger—Instruction—Applicability to Evidence.*

Where a declaration consists of two counts, each alleging a distinct act of negligence and only one of them is supported by any evidence, it is error to instruct the jury they may find against defendant, if they believe either of said acts is proven.  To justify such an instruction there must be some evidence tending to prove both negligent acts.  (p. 798).

4. TRIAL—*Misleading Instruction.*

It is likewise error, in such case, to instruct the jury that plaintiff is not entitled to recover "under the first count", unless he proves by a preponderance of the evidence the negligence therein alleged.  Such instruction implies that the jury have the right to find against the defendant on the negligence alleged in the second count notwithstanding it is not supported by evidence, and is, therefore, misleading.  (p. 798).

5. NEGLIGENCE—*Contributory Negligence—Burden of Proof.*

Where the defense is contributory negligence the burden is on defendant to establish it.  (p 800).

6. CARRIERS—*Injury to Passenger—Contributory Negligence.*

Generally it is negligence, per se, for a passenger, in full possession of his senses and faculties, to alight from a train while it is in motion, and the failure of a brakeman, who happens to be nearby, to warn a passenger standing on the steps of a car ready to alight, does not excuse such contributory negligence.  (p. 800).

7. Pleading—*Amendment—Original Declaration Considered Abandoned.*

Where a demurrer has been sustained to the original declaration, and an amended one filed which makes no reference to it, it is not error to refuse to permit defendant to read to the jury, as evidence of an admission, the original declaration. (p. 802).

8. Appeal and Error—*Trial—Motion to Exclude Evidence—Waiver.*

Where testimony is admitted proving that plaintiff, several, months after his injury, was confined to his bed for two or three weeks, and there is no testimony showing such confinement to be the natural and direct result of the injury, a motion to exclude it should be sustained. Such motion is not waived by failure to renew it after the taking of evidence is concluded, where the point is saved by a special bill of exceptions. (p. 802).

Error to Circuit Court, Tucker County.

Action by John F. Bartley against Western Maryland Railway company. Judgment for plaintiff, and defendant brings error.

*Reversed and remanded for new trial.*

*E. A. Bowers,* and *A. Jay Valentine,* for plaintiff in error.

*D. E. Cuppett,* and *Chas. D. Smith,* for defendant in error.

Williams, Judge:

Plaintiff, a passenger on defendant's train, who was injured while attempting to alight therefrom at one of defendant's stations, recovered judgment for said injury, and defendant brings error.

The overruling of defendant's demurrer to plaintiff's amended declaration is assigned as error. Counsel insist the amended declaration avers a new and different cause of action from that alleged in the original declaration, to which a demurrer had been sustained with leave to plaintiff to amend. The negligent acts averred in the original declaration, which consists of two counts, are, (1) that defendant did not stop its train at the village of Francis a sufficient time to enable plaintiff to alight, "and stopped but momentarily at said point, and plaintiff was compelled to alight from said train while it was yet in motion," and in consequence of such negligence of defendant plaintiff was hurled from the train,

"while it was in rapid motion," with great force and violence; and (2) that defendant was also negligent in knowingly having in its service in charge of the train a conductor inexperienced in the running and operation of passenger trains. Whereas in the amended declaration, likewise having two counts, he avers in the first count the negligent act to be, that the train slowed down at the station and stopped, and plaintiff, believing it would remain standing long enough to permit him to alight, proceeded to do so, and "was at and on the last step of the coach in which he was riding and just at the point of stepping on the defendant's platform, when said defendant negligently, carelessly,. and without warning and notice to plaintiff, suddenly started said train in motion with great force and violence that by reason of which plaintiff was violently hurled and thrown from said' train," and injured. The second count is not materially different form the second count of the original declaration.

This does not constitute a departure from the original cause of action. The two declarations set out the same facts and circumstances, the same time, place and relation between the parties as passenger and carrier, and the same injury to plaintiff, caused by his being thrown while alighting from the train, the only difference being in the two statements of the particular act of negligence which constituted the proximate cause of plaintiff's injury. Notwithstanding the amendment is material and vital as it respects plaintiff's right to recover for the injury, nevertheless he had a right to amend in that respect. This court has always been liberal in allowing amendments to be made to declarations, so long as there is an adherence to the original cause of action. *Findley* v. *Coal & Coke Ry. Co.,* 76 W. Va. 747, cited to support defendant's contention is not applicable. There Findley's right, although growing out of a single wrong or negligent act, depended upon one or the other of two distinct laws, one the state law and the other an act of Congress, the right depending upon the particular law he invoked and not wholly upon the physical facts and circumstances causing the injury. If the right was derived from congress it was held to be one cause of action, and if from state law another and distinct cause of action. The

introduction of additional phases or circumstances of the same wrong complained of in the original declaration, if the identity of the cause of action is preserved, is not a departure. *Hanson* v. *Blake,* 63 W. Va. 560; *Snyder* v. *Harper,* 24 W. Va. 206; *Clark* v. *Ohio River R. R. Co.,* 39 W. Va. 732; and *Mulvay* v. *Haynes,* 76 W. Va. 721.

The court gave five instructions for plaintiff of which defendant complains. No. 1 told the jury it was defendant's duty, as a common carrier of passengers, "to use and exercise the utmost and highest possible degree of care toward the plaintiff and see that he was safely carried to and delivered from said train at Francis without injury; and if the jury believe that the defendant in any way failed to carry out such undertaking, by starting said train before the plaintiff had safely alighted, or by having in charge of said train as conductor an inexperienced servant, then any one of said acts were acts of negligence on the part of said defendant, and if the plaintiff was injured by reason of such negligence, and the jury may render a verdict for the plaintiff for such sum as the evidence warrants, not, however, to exceed $5,-000.00". So far as this instruction defines defendant's duty and the degree of care required in the discharge thereof, it is unobjectionable. A carrier must use the highest degree of care commensurate with reasonable foresight and judgment. A carrier is liable for the slightest degree of negligence causing injury to a passenger. See *Brogan* v. *Traction Co.,* 76 W. Va. 698, and *Cain* v. *Traction Co.,* decided at the present term. The vice of the instruction, however, is contained in the latter part of it, wherein it submits to the jury two alleged acts of negligence, only one of which is supported by evidence, and tells them "any one of said acts were acts of negligence," and that, if they believe plaintiff was injured "by reason of such negligence," they might find for him. True plaintiff alleged, as an act of negligence, the employment of an incompetent and inexperienced conductor, in charge of the train, but this averment was put in issue, and there is no evidence to support it. Although the conductor E. C. Smith admits, in his testimony, he was not the regular conductor who ran the train on which plaintiff was carried, he, nevertheless, proved

he had been in the service of the Western Maryland Railway Company since 1903, was flagman and had been promoted as extra conductor in January, 1909, and had made this particular run as much as two weeks at a time, before October 23, 1915, the time of plaintiff's injury. Mr. Weese, the brakeman on the train, had been in the employ of the company, on the same branch of its road, since 1905, and had also been promoted to the position of conductor. The railroad was a branch line running from Thomas to Davis and, on this occasion, the train consisted of two passenger coaches, a ladies car and a smoker. There is no evidence that the crew was not both competent and sufficient in numbers to handle the train properly. Why the regular conductor was not in charge on that evening does not appear, nor is it material; because Smith, who took his place, or any other member of the crew, is not shown to be either incompetent or inexperienced. The jury may have been misled by the instruction to believe the conductor was incompetent, simply because he was not the regular conductor, and, therefore, that his employment was the negligence which caused the accident, whereas it has not the remotest connection with the proximate cause of plaintiff's injury, so far as the evidence discloses. The most competent and experienced trainmen are sometimes guilty of negligence. In view of this instruction the jury may have found defendant guilty of an act of negligence not supported by any evidence. An instruction, not founded on facts supported by some evidence, should not be given. The instruction is not a binding one and, therefore, not subject to the criticism made of it, that it should have submitted also the fact of contributory negligence. It says the jury "may", not that it must find for plaintiff.

Plaintiff's No. 2 is bad for the same reason. In effect it tells the jury, if they believe defendant was "guilty of the acts or any of the acts of negligence charged in the declaration, and as a result of such negligence plaintiff suffered injury," then it is their duty to find for plaintiff. It likewise submits to them an act of negligence alleged, but not supported by any evidence whatever.

No. 3 correctly instructs the jury that the burden of proof is on defendant to prove, by a preponderance of the evidence, contributory negligence. The evidence is conflicting respecting the manner of plaintiff's injury. Plaintiff swears the train had stopped and then was started suddenly and violently just as he was stepping from the lower step to the ground, and threw him down. On the other hand, one or two witnesses for defendant testify that he stepped off while the train was in motion and before it had stopped. The principal defense was that plaintiff's injury was caused by his own negligence, and the well settled rule in this state is that defendant must prove it.

No. 4 correctly informed the jury as to the elements proper to be considered in estimating plaintiff's damages, if they should find for him.

Plaintiff's No. 5 told the jury, if they should find from the evidence that plaintiff was about to alight while the train was still in motion, and should also find that brakeman Weese was on the steps of the adjoining coach and in a position to see, and did see that plaintiff was about to step off before the train had come to a full stop, then it was said brakeman's duty to warn plaintiff. Granting that it would be the brakeman's duty, under some circumstances, to warn a passenger, there is nothing in the record to indicate that plaintiff was not in full possession of his senses and capable of taking care of himself. Weese swears he did not warn plaintiff because he did not think he was going to get off until the train stopped. There is no duty to warn a person of a danger of which he is fully cognizant himself. Plaintiff was then nearly seventy-seven years old, and it might be more negligent for a man of that age to try to alight from a moving train than for a younger man. There is no evidence to show that Weese had any reason to believe that plaintiff, even though he was on the step ready to alight, would attempt to do so before the train came to a stop. For a passenger to attempt to alight while the train is in motion is generally negligence. *Hoylman* v. *Railroad Co.*, 65 W. Va. 264; and 3 Moore on Carriers, 1685. Weese had a right to assume plaintiff would not step off while the train was moving, and his failure to warn him not to do

so does not excuse plaintiff's contributory negligence, if the jury believed him guilty thereof, and the instruction should not have been given. *Illinois Central R. Co.* v. *Massey,* (Miss.) 53 Sou. 385.

Plaintiff's No. 6 is bad for the reason already given for holding the giving of Nos. 1 and 2 improper, i. e., there is no evidence to support the charge that the servants in control of the train were incompetent and inexperienced.

The refusal to give defendant's instructions Nos. "A", 2 and 4, and giving one on the court's own motion, are also complained of. "A" was a peremptory instruction and was properly refused. While the evidence is conflicting, the verdict could rest on plaintiff's testimony.

No. 2 presents the converse of plaintiff's case as proven by his own testimony, by telling the jury, unless they believe he has established by a preponderance of the evidence, that the train was negligently started before plaintiff had a reasonable time to get off, he could not recover. It plainly appears from the evidence that the instruction submits the only ground on which plaintiff had any right to recover, and it should have been given.

Defendant's No. 4 is covered by its No. 1, which was given, informing the jury that it is the duty of a passenger to remain on the train until it stopped, under ordinary and normal conditions, and if they believed plaintiff left the train voluntarily, while it was in motion, he could not recover. That is the law, and the giving of No. 1 rendered unnecessary the giving of No. 4.

Defendant's No. 2, which we hold was improperly refused, was modified by the court and given as modified. While this instruction may be correct as stating a legal proposition, it clearly indicates the theory of the court respecting plaintiff's right to recover on the second count in his declaration, even though there was no evidence in the record to support a recovery on the negligence averred in that count. It tells the jury plaintiff is not entitled to recover under the *first count of the declaration,* unless he has proven by a preponderance of the evidence that the train was negligently started before he had reasonable time to alight, thereby implying that

the jury might find for him, under the second count, if they believed he had been injured. For this reason we think the instruction was misleading and should not have been given. The negligence averred in the first count, starting the train suddenly, is the only' negligence supported by any testimony in the record. The evidence makes it clear that plaintiff was injured in one of two ways only, either by being thrown to the ground by the sudden and violent starting of the train, after it had stopped and he had attempted to alight; or by attempting to step off, while the train was in motion and before it had stopped. If the jury believed his testimony they had a right to find for him, otherwise not.

Complaint is made of the court's refusal to permit the original declaration to be read as evidence to the jury in contradiction of plaintiff's testimony respecting the manner of his injury. The amended declaration is complete within itself; it is not in anyway connected with or made a part of the original. In such case the original declaration is considered as wholly abandoned, and could not properly be admitted for the purpose of proving an admission in the pleading, inconsistent with plaintiff's testimony. *Roderick* v. *Railroad Co.,* 7 W. Va. 54.

Plaintiff testified, regarding his physical condition since his injury, that he was laid up for four weeks and confined to his bed two weeks. This testimony was objected to on the ground that it was not shown to be the natural and direct consequence of his injury. His injury occurred in October, after which he continued to walk around and was not confined to his bed until in the following April. It was not connected up with and shown to be caused by the injury, and defendant's motion to strike out this testimony should have been sustained. Defendant saved the point by a special bill of exceptions and, therefore, did not waive it by not further insisting on his motion at the conclusion of plaintiff's evidence.

The judgment will be reversed, the verdiict set aside and the case remanded for a new trial.

*Reversed and remanded for new trial.*