# CHARLESTON.

W. H. SHAFER v. SECURITY TRUST COMPANY.

Submitted September 24, 1918. Decided October 1, 1918.

1. PLEADING—*Amended Declaration—Abandonment of Original Pleading.*

   Where an amended declaration, complete in itself, does not refer to or in any manner adopt or make the original declaration a part of it, the original declaration will be considered and treated as withdrawn and abandoned. (p. 619).

2. ACTION—*Joinder of Causes.*

   It is improper to unite in the same declaration a cause of action sounding in contract with one sounding in tort. (p. 621).

3. PLEADING—*Misjoinder of Causes—Demurrer.*

   A misjoinder of causes of action in a declaration is fatal on demurrer, dismissing the action, unless the plaintiff, as he may, amends so as to eliminate one or the other of the causes of action therein set forth. (p. 621).

4. PROCESS—*Amendment.*

   Under sec. 15, ch. 125, Code, a summons served on a defendant may be amended so as to correct a variance between it and the declaration. (p. 621).

5. JUDGMENT—*Judgment Notwithstanding Verdict.*

A judgment *non obstante veredicto* must be based upon the merits of the case as disclosed by the pleadings, not in any sense upon the evidence adduced thereunder. It may be applied to defeat a judgment upon a verdict predicated upon a declaration that does not state a cause of action entitling the plaintiff to recover. But in no event can it serve the purpose of a demurrer to reach a merely formally defective declaration, which but for the informality or irregularity states a good cause of action. (p. 622).

Error to Circuit Court, Ohio County.

Action by W. H. Shafer against the Security Trust Company. Judgment for defendant, and plaintiff brings error.

*Reversed, demurrer sustained, remanded.*

*John P. Arbenz,* for plaintiff in error.

*P. J. McGinley* and *Jas. W. Ewing,* for defendant in error.

LYNCH, JUDGE:

By a motion, sustained, for judgment *non obstante veredicto* plaintiff was deprived of the benefit of a verdict obtained upon the trial of an issue regularly joined in an action of assumpsit containing the common counts and special counts, and was awarded this writ. He filed three declarations, the first of which was held bad upon demurrer, the second stricken from the files, the third held sufficient upon demurrer, to each of which rulings exceptions were taken.

The last declaration has all the indicia of an independent pleading. It is complete in itself and in nowise refers to, adopts or makes part thereof the averments of the original or first amended declarations, and, though copied into the record, they are to be considered and treated as withdrawn or abandoned. *Roderick v. Railroad Co.,* 7 W. Va. 54; *Bartley v. Western Maryland Railroad Co.,* 81 W. Va. 795; Kinder v. *Boomer Coal & Coke Co.,* 82 W. Va. 32.

This rule forbids an examination of the sufficiency of the averments of the former basic pleading. It is necessary then only to apply the test of sufficiency to the third declaration, that being the one upon which the issue was joined. As observed, it contains the common counts for goods, wares, chattels and effects bargained and sold, work and services done

and bestowed and materials furnished, money loaned, money paid and expended and received and found to be due upon settlement, each accompanied by the averments usual in such counts.

The gravamen of the two special counts is that defendants by the wrongful representation, assumption and pretense of authority from the owner of certain real estate, subdivided into lots, sold lots one and two of such subdivision to plaintiff at and for the price of $2800, of which $25 was paid down and the residue was to be paid upon the tender and delivery of a deed, with the understanding and upon the agreement and on the condition that the deed was to be executed and delivered promptly, and "to contain restrictions as to outbuildings on the nearby lot numbered three and provisions for sewer, gas and water connections and gutters, * * * and in full reliance upon said defendant's representations as aforesaid" for the restrictions and provisions, plaintiff purchased said lots and paid part of the consideration, and to evidence the agreement defendant executed this paper writing: "Wheeling, W. Va., Aug. 9, 1913. Received of W. H. Shafer twenty-five dollars to apply on lots 1 & 2 Hart Subdivision, Woodlawn. Bal. due $2775. (to include restriction on lot No. 3 and sewer, gas & water & gutter connections.) Security Trust Co. Agt. C. W. Jackson."; whereby it became and was the duty of the defendant to deliver or cause to be delivered to plaintiff a deed for the two lots with the restrictions and provisions aforesaid upon the payment of the balance due on the purchase price, and that in further reliance upon such representations plaintiff tendered to defendant the said balance and demanded such a deed, which tender defendant refused to accept and with which demand neglected and refused to comply, to the damage of the plaintiff, etc.

The only material or substantial difference between the averments of the two special counts is that the latter charges an excess of the authority conferred by the principal to consummate the sale of the lots. In every other respect they are similar or practically identical.

Clearly this summarization indicates an inconsistency between the general and special counts of the declaration. The

first is proper only in actions of debt or assumpsit, never in an action on the case, of the nature of which the two special counts clearly partake. They charge a false or wrongful representation of authority or an unauthorized assumption of a power not conferred by the principal. Though the pleader has employed the word "wrongful" as descriptive of the authority assumed, the context shows that he intended to give the word the ordinary force and meaning of the word "fraudulent", when employed in a declaration in an action for fraud and deceit. Between the averments of these counts and the usual averment of a declaration based upon the right to redress for fraud and deceit there is a marked similiarity.

The phrases "undertook to sell and did sell the lots * * * with the understanding and agreement and on the condition" as to the contents of the deed, are not, when considered with other averments of each count, the equivalent of the words "undertook", "promised" and "agreed", the ordinary, though not always the essential, elements of a declaration in assumpsit. Other charges may suffice. But it is of the alleged fraudulent and deceitful assumption of authority not possessed by the agent that the plaintiff complains. Evidently the purpose of the language "undertook to sell" etc., was to show in what respect the false representation worked the injury, because they were not actionable unless they operated to effect some damage or loss due to reliance on them by the party injured.

"The essential elements required to sustain an action for deceit", says 12 Ruling Case Law 240, "are that the representation was made as a statement of fact, which was untrue and known to be untrue by the party making it, or else recklessly made; that it was made with intent to deceive and for the purpose of inducing the other party to act upon it; and that he did in fact rely on it and was induced thereby to act to his injury or damage."

The rule forbidding joinder of counts in assumpsit and tort is well established, so well indeed as not to provoke elaborate argument or need much citation of authority. It is elementary, and, if infringed, makes the declaration subject to suc-

cessful challenge by demurrer. *Malsby* v. *Lanark Co.*, 55 W. Va. 484; *Kellar* v. *James*, 63 W. Va. 139; 1 Chitty, Pleading (16th Am. Ed.) page *228. It is, however, amendable by striking out the common or the special counts, as the pleader may elect. *Knotts* v. *McGregor*, 47 W. Va. 566; *Wells* v. *K. & M. Ry Co.*, 78 W. Va. 762. And if the former is eliminated, he may, as provided in sec. 15, ch. 125, Code, amend the writ to conform with the declaration as amended. *Barnes* v. *Grafton*, 61 W. Va. 408, 410; *Ryan* v. *Piney Coal & Coke Co.*, 69 W. Va. 692; *Ryan* v. *Piney Coal & Coke Co.*, 72 W. Va. 630.

There is nothing to disclose the reason that induced the court to sustain defendant's motion for judgment notwithstanding the verdict. In no event, however, can it serve the purpose of a demurrer to reach a merely formally defective declaration, which but for the informality or irregularity states a good cause of action; nor may it be used to search the evidence for variance between the allegations and proof or for lack of evidence to sustain an issue properly joined, or to obtain a dismissal for the same reason. Properly it may be applied to defeat a judgment upon a verdict predicated upon a declaration that does not state a cause of action entitling the plaintiff to recovery. *Holt* v. *Otis Elevator Co.*, 78 W. Va. 785. So that instead of disregarding the verdict and rendering judgment for defendant, the court should have granted the motion for a new trial, and, after such action, sustained the demurrer with leave to amend.

This obvious and necessary result renders inopportune and unnecessary the expression of an opinion upon the merits of the case. Our order will therefore reverse the judgment, award a new trial, sustain the demurrer with leave to amend, remand for further proceedings and award costs to defendant, the demurrer interposed having been overruled improperly.

*Reversed, demurrer sustained, remanded.*