# CHARLESTON.

Alcinda C. McMechen *et al. v.* Baltimore & Ohio Railroad Co.

Submitted January 11, 1922.   Decided January 17, 1922.

1. Pleading—*Where Amended Declaration Incorporates a New Cause of Action, Objection Thereto Must be Made in Proper Time, and Cannot be Considered on Demurrer.*

   Where an amended declaration incorporates a cause alleged to be new and distinct from that set out in the original declaration, objection thereto must be made in proper time and manner; it cannot be considered on demurrer   (p. 22).

2. Moot Question Not Decided.

   Where such declaration is filed over such objection seasonably made, or upon refusal of a motion to strike out, does the appellate court have jurisdiction to review upon certificate under sec. 1, chap. 135, Code?   Mooted but not decided. (p. 23).

3. Pleading—*Duplicity in Declaration is Not Ground for Demurrer.*

   Duplicity in a declaration is no longer ground for demurrer to it in this State.   (p. 23).

Case Certified from Circuit Court, Marshall County.

Action by Alcinda C. McMechen and others against the Baltimore & Ohio Railroad Company, in which a demurrer to the declaration was overruled, and the case certified for review.

*Affirmed.*

*James W. Ewing* and *T. S. Riley,* for plaintiffs.
*A. L. Hooton,* and *Frank W. Nesbitt,* for defendant.

Lively, Judge:

The trial court has certified for review its action in overruling a demurrer to the amended declaration.

Neither the original declaration nor the demurrer to the amended declaration appear in the certified record.   We have only a copy of an amended declaration and the order of the circuit court as of the 10th day of June, 1921, overruling a demurrer thereto.

From the briefs filed we learn that in the original declaration plaintiffs averred ownership in a certain tract of land in the city of Benwood containing eleven acres, the western side of which joined the right of way of defendant's railway; and were also the owners of lot No. 13 in Marylinn, also in said city, and which lot also abutted upon defendant's right of way; that in the year 1914 the defendant unlawfully, knowingly and wilfully entered upon said tract and upon said lot, and from time to time and from day to day, dug into said tract and lot, and removed and carried away large quantities thereof, and by reason thereof caused other portions of each of said parcels to slip, fall and wash away, thereby rendering the tract unfit for cultivation or other useful purpose, and the lot unfit for any useful purpose. In the amended declaration before us the same cause of action is set up, to which, in the only count therein, is added an allegation of like ownership in another tract of sixteen acres lying between the right of way of defendant (and abutting thereon) and the Ohio River, and bounded on the south by an extension of Fourth street in the city of McMechen and on the north by the center line of McMechen Run, and which tract of sixteen acres was also, on the same date and times, damaged by defendant by filling it with cinders and other refuse from defendant's railroad tracks and right of way, rendering large portions thereof unfit for cultivation or other useful purpose.

Neither the briefs nor the record discloses that objection was made to the filing of the amended declaration at any time or in any manner. If the amended declaration introduces a new cause of action after the appearance of defendant, objection must be made to the filing thereof in proper time and manner. *Findley* v. *Railway Co.*, 76 W. Va. 747; *Mankin* v. *Jones*, 68 W. Va. 422. A demurrer was interposed to the amended declaration only, and no objection or exception seems to have been made to the filing thereof. The argument here is based upon the assertion that the demurrer to the amended declaration should have been sustained because it sets up a new cause of action distinct from that set out in the original declaration. We can

only look to the amended declaration; it is all that we have before us. If the original declaration had been copied in the record and certified, could we pass upon this contention, no objection having been made to the amendment? "Objection on the ground that the amendment constituted a departure from the original cause of action, or because it introduced a new and different cause of action, was not made, and the question does not arise on demurrer." *Roberts* v. *United Fuel Gas Co.*, 84 W. Va. 368, citing 31 Cyc. 463. The demurrer applies only to the amended declaration. The sufficiency of its averments alone can be considered; and the question of the introduction of a new cause of action therein is not reached by the demurrer. Where an amended declaration makes no reference to the original, the latter is considered as abandoned. *Bartley* v. *Western Maryland Co.*, 81 W. Va. 795; *Shafer* v. *Security Trust Co.*, 82 W. Va. 618.

This brings us to another question, not essential here. If the record showed objection to the filing of the amended declaration because of introduction therein of another and different cause of action from that on which the original was predicated, on a motion to strike out for that reason, would the action of the court thereon be cognizable upon certification to this court? "Any question arising upon the sufficiency of a summons or return of service, or challenge of the sufficiency of a pleading * * * may, in the discretion of the court in which it arises, and shall on the joint application of the parties to the suit, in beneficial interest, be certified by it to the supreme court of appeals for its decision" etc. Sec. 1, chap. 135, Code. We are inclined to the view that a motion to strike out, or an objection to the filing because of the introduction of new matter, does not challenge the sufficiency of the pleading and this court has no jurisdiction to review under the statute quoted. *Tyler* v. *Wetzel*, 85 W. Va. 378. But as this question does not arise, neither motion to strike nor objection to filing having been made, it is a query suggested, and one not decided upon.

As heretofore stated, the only question certified here is the sufficiency of the amended declaration, to which the demur-

rer is general, so far as the record certified is concerned. But the briefs agree that the demurrer set out "That the said amended declaration is fatally defective in that it sets forth in one single count two separate and distinct causes of action and seeks recovery on both of them". Duplicity in a pleading is no longer ground for demurrer in this State. Upon this point Judge POFFENBARGER says: "Duplicity is a mere formal defect constituting ground of special demurrer at common law, and, as the special demurrer has been abolished by statute in this State, there is no form of demurrer by which these counts can be attacked on the ground of duplicity. Sec. 29, ch. 125, Code." *Farmers & Merchants Bank* v. *Kingwood National Bank,* 85 W. Va. 371.

We conclude that the amended declaration is sufficient, and that the demurrer thereto was properly overruled; and so answer the question certified.

*Affirmed.*