J. B. COLT CO. v. DISTRICT COURT OF FIFTH
JUDICIAL DIST. IN AND FOR MILLARD
COUNTY et al.

No. 4720.   Decided July 12, 1928.   (267 P. 1017.)

282

*J. C. Halbersleben,* of Provo, for plaintiff.

*O. L. Huntsman,* of Fillmore, for defendants.

HANSEN, J.

Upon a verified petition on behalf of the plaintiff, a writ of certiorari was issued out of this court, directed to the district court of the Fifth judicial district, in and for Millard county, Utah, commanding that all records and proceedings had in an action pending in that court wherein J. B. Colt Company, a corporation, is plaintiff, and J. H. Mountford is defendant, be certified to this court. The writ was served personally upon the defendant J. H. Mountford, O. L. Huntsman, his attorney, and the clerk of the district court of Millard county, Utah. The clerk of such court has made return, by certifying to this court the records and proceedings had in that case as directed by the writ. The record so certified discloses these facts:

On Aprl 9, 1924, J. B. Colt Company, a corporation filed a complaint against J. H. Mountford in the district court of Millard county, Utah. Personal service of summons was had upon the defendant. On May 20, 1924, defendant's attorney served upon counsel for the plaintiff and filed with the clerk in the cause a notice that on September 23, 1924, defendant would move the court for an order requiring plaintiff to separately state each of several causes of action commingled in plaintiff's complaint. The record does not disclose whether or not any motion was made in pursuance of the notice or, if so, what ruling, if any, was made thereon.

On October 20, 1924, plaintiff, by leave of court, filed an amended complaint. On November 6, 1924, defendant's

counsel served upon counsel for plaintiff and filed with the clerk notice that on December 1, 1924, the defendant would move for an order requiring plaintiff to separately state each of several causes of action commingled in plaintiff's amended complaint. The record is also silent as to whether or not any motion was made in pursuance of this notice, or, if so, what ruling, if any, was made thereon. On January 9, 1925, defendant's attorney served upon plaintiff's attorney and filed with the clerk a notice that on February 9, 1925, defendant would move to strike from plaintiff's amended complaint certain specified allegations therein. On May 16, 1925, defendant filed a general demurrer to plaintiff's amended complaint. On May 27, 1925, a written order was signed by the presiding judge and filed with the clerk, striking some of the allegations of the amended complaint. On September 23, 1925, a written stipulation was signed by counsel for the plaintiff and defendant, which reads as follows:

"The above-named defendant stipulates and agrees with the above-named plaintiff. that said plaintiff may forthwith file its amended complaint herein, and said defendant hereby acknowledges receipt of a copy of said amended complaint and service thereof is hereby accepted."

On September 28, 1925, the written stipulation of counsel and a second amended complaint were filed with the clerk in the cause. On September 29, 1925, defendant served and filed with the clerk a general demurrer to plaintiff's second amended complaint. On October 26, 1925, defendant's demurrer to plaintiff's second amended complaint was overruled, and defendant was given 20 days in which to answer. On October 30, 1925, counsel for defendant was duly notified by mail of the order overruling defendant's demurrer to plaintiff's second amended complaint. On December 22, 1925, default of the defendant was entered. On January 7, 1926, a default money judgment was entered in favor of plaintiff and against defendant. On April 5, 1926, an an-

swer, to the plaintiff's second amended complaint was filed with the clerk by the defendant. It does not appear that leave of court was obtained to file the answer, which, as will be observed, was filed about three months after judgment was rendered against the defendant. On December 11, 1927, defendant's counsel filed with the clerk a motion to set aside the judgment entered on January 7, 1926. The grounds upon which defendant asked to have the judgment set aside as stated in the motion are these:

"First. That the plaintiff above named, being a foreign corporation and not having complied with the laws of the state of Utah for doing business within the said state, having carried on business within the state contrary to law, has no right nor power to invoke the jurisdiction of said court, and the court had no jurisdiction of plaintiff's claim against the defendant.

"Second. That defendant has a good defense to plaintiff's claim, having filed his answer to plaintiff's amended complaint.

"Third. That the ends of justice will best be served in this case if the defendant be now permitted to file his answer to plaintiff's complaint, and that the case be heard upon its merits.

"Fourth. And for other reasons and grounds stated in defendant's affidavit attached hereto."

The affidavit attached to the motion recites in substance that the answer to the second amended complaint was not filed within time after the overruling of the demurrer, because defendant was absent from Millard county in attendance upon his wife, who was suffering from the results of an operation for toxic goitre; that he was not given formal notice of the judgment entered against him until an execution was issued in the cause and his property levied upon; that he has a defense to plaintiff's alleged cause of action, in that the plaintiff is a foreign corporation, and at the time he entered into the contract sued upon the plaintiff was doing business in the state of Utah without having complied with the laws of this state relative to foreign corporations doing business within the state. Counsel for plaintiff filed with the clerk an affidavit wherein it is

alleged that defendant was orally informed of the judgment entered against him soon after the judgment was so entered. A minute entry dated March 15, 1928, shows that the judgment entered in the cause was set aside—

"upon the grounds that it is a judgment in favor of J. B. Colt Company, a corporation of New Jersey, whereas, the complaint filed in this case alleges that the plaintiff is the J. B. Colt Company, a corporation of the state of California. The parties to the original complaint are apparently not the parties in the amended complaint, upon which the default judgment sought to be set aside was entered."

The original complaint and the first amended complaint allege that the plaintiff is, and at all times therein mentioned has been, a corporation organized and existing under and by virtue of the laws of the state of California. The second amended complaint alleges the plaintiff is a corporation of New Jersey. The plaintiff prosecutes this proceeding to review the order setting aside the judgment. No claim is made that this court may not properly review the order complained of in this proceeding.

The plaintiff contends that the learned judge of the district court acted in excess of his jurisdiction in vacating the judgment in question. Such contention is based upon the provisions of Comp. Laws Utah 1917, § 6619, which, so far as material here, provides:

"The court may * * * upon such terms as may be just, relieve a party or his legal representative from a judgment * * * taken against him through his mistake, inadvertence, surprise, or excusable neglect; and when, for any reason satisfactory to the court, or the judge thereof, the party aggrieved has failed to apply for * * * the relief sought during the term at which such judgment * * * complained of was taken, the court, or judge thereof in vacation, may grant the relief upon the application made within a reasonable time, not exceeding six months after the adjournment of the term."

The defendant Mountford contends: First, that the writ issued out of this court should be quashed, because it was

not served upon the judge of the district court of the Fifth district in and for Millard county; second, that the provisions of Comp. Laws Utah 1917, § 6619, do not apply to default judgments taken in favor of a foreign corporation doing business in this state in violation of Comp. Laws Utah 1917, § 947; and, third, that the judgment in favor of J. B. Colt Company, a corporation, is null and void, and may be set aside at any time.

The clerk of the district court of Millard county certified to the record in the case of J. B. Colt Company, a corporation, v. J. H. Mountford, on April 17, 1928. The record was filed in this court April 18, 1928. On April 24, 1928, the defendant, J. H. Mountford, through his attorney, O. L. Huntsman, filed with the clerk of this court in the cause what is designated a counter affidavit, in which affidavit he pleads to the merits of plaintiff's petition for a writ of certiorari. Thereafter, on May 26, 1928, the defendant J. H. Mountford filed with the clerk of this court a motion to quash the writ, upon the ground that the judge of the district court of Millard county was not served with the writ. It is an elementary rule of law that a party to a judicial proceeding cannot invoke the jurisdiction of a court affecting the merits of a controversy, and thereafter be heard to say that he is not in court. If the defendant J. H. Mountford desired to attack the writ he should have confined his appearance to that purpose. By filing an answer to the merits of plaintiff's petition for the writ, he made a general appearance. But, aside from this, we find ample authority under the provision of the Comp. Laws Utah 1917, § 7379, for holding that the service of the writ on the clerk of the district court of Millard county is sufficient. It is there provided:

"The writ [certiorari] may be directed to the inferior tribunal, board, or officer, or to any other person having the custody of the record or proceedings to be certified. When directed to a tribunal, the clerk, if there be one, must return the writ with the transcript required."

No claim is made that the record certified by the clerk of the district court of Millard county does not contain all of the proceedings had in the cause.

Nor do we find any merit in the claim that the provisions of Comp. Laws Utah 1917, § 6619, do not apply to the judgment under review. Counsel for defendant Mountford contends that the contract sued upon was and is void, because plaintiff was unlawfully engaged in business in this state. That defense was not timely raised, as it may have been in answer to plaintiff's complaint in the district court. We cannot, in this proceeding, judicially determine whether or not the plaintiff was unlawfully doing business in this state. The plaintiff does not admit defendant's claim in such respect to be the fact, nor has it ever been judicially determined to be a fact. Even though it should now be established that the plaintiff corporation did not have legal capacity to maintain the action, such defense must be timely taken by demurrer or answer, or such defense is deemed waived. Comp. Laws Utah 1917, § 6568, 6572, and 6573; *Tooele Meat & Storage Co.* v. *Eite Candy Co.*, 57 Utah 1, 168 P. 427.

Nor is the defendant J. H. Mountford in a position to question the validity of the judgment by reason of the fact that the original complaint and the first amended complaint allege that the plaintiff was a corporation of the state of California, while the second amended complaint alleges that the plaintiff was a corporation of the state of New Jersey. In plaintiff's brief it is contended that the change in the final pleading was made to correct a clerical error. In defendant's brief it is contended that the change in the second amended complaint resulted in the substitution of a new cause of action. It is not necessary in this opinion to discuss these divergent views of counsel. In any event, counsel stipulated that the second amended complaint fight be filed. It was filed. The defendant filed a general demurrer to the same. Judgment was

duly and regularly rendered upon the second amended complaint. In such case defendant may not be heard to complain, even though a new and different cause of action was substituted for the action originally begun. *Beattie Mfg. Co.* v. *Gerardi,* 166 Mo. 142, 65 S. W. 1035; *Nashville, C. & St. L. Ry. Co.* v. *Parker,* 123 Ala. 683, 27 So. 323; *Ferguson* v. *Carr,* 85 Ark. 246, 107 S. W. 1177; *McMechen* v. *Baltimore & O. R. Co.,* 90 W. Va. 21, 110 S. E. 474; *Roberts* v. *United Fuel Gas Co.,* 84 W. Va. 368, 99 S. E. 549; *Bartley* v. *Western Maryland Ry. Co.,* 81 W. Va. 795, 95 S. E. 443; *Shafer* v. *Security Trust Co.,* 82 W. Va. 618, 97 S. E. 290.

The district court of Millard county clearly had jurisdiction of the parties and of the subject-matter when it rendered the judgment involved in this proceeding. ■ Nearly 23 months elapsed between the time judgment was rendered and the time the application was made to set aside the judgment. More than 26 months elapsed between the time the judgment was entered and the date it was ordered vacated and set aside. C'omp. Laws Utah 1917, § 1669, provides that:

"There shall be held at the county seat of each county at least three terms of the district court in each year."

Obviously the term of court being held when the judgment was entered, on January 7, 1926, had been adjourned more than six months before December 11, 1927, when the motion was filed to vacate the judgment. In such case the district court acted in excess of its jurisdiction in making its order vacating the judgment. C'omp. Laws Utah 1917, § 6619; *Darke* v. *Ireland,* 4 Utah 192, 7 P. 714; *Elliott* v. *Bastian,* 11 Utah 452, 40 P. 713; *Benson* v. *Anderson,* 14 Utah 334, 47 P. 142; *Jones* v. *N. Y. Life Ins. Co.,* 14 Utah 215, 47 P. 74; *Lees* v. *Freeman,* 19 Utah 481, 57 P. 411.

It follows that the district court of Millard county, Utah, should be directed to vacate the order setting aside the

■

judgment in the case of J. B. Colt Company, a Corporation, v. J. H. Mountford, and that such judgment should be reinstated. Such is the order. Plaintiff is awarded its costs incurred in this proceeding against the defendant J. H. Mountford.

THURMAN, C. J., and CHERRY, STRAUP, and GIDEON, JJ., concur.