## CHARLESTON.

O. D. CREASY, *Admr., Etc., v.* MERTIE THOMAS, *et al.*

(No. C.C. 410)

Submitted September 5, 1928. Decided September 11, 1928.

E. H. *Morton* and *Emmett Horan,* for plaintiff.

*Wolverton & Ayers, A. N. Breckenridge* and *O. C. Lewis,* for defendants.

Litz, Judge:

The plaintiff, D. O. Creasy, as administrator of the estate of Verna Creasy, deceased, filed his declaration in trespass on the case against the defendants, W. L. Thomas and Mertie Thomas, alleging that Mertie Thomas, while the wife of W. L. Thomas, caused the death of decedent by negligently operating an automobile belonging to the husband and used by him and other members of the family for family purposes.

The circuit court permitted the plaintiff, over the objection of the defendants, to amend his declaration by alleging that the automobile was owned by a third person. The ruling of the circuit court in permitting the amendment, on the joint application of the parties, has been certified for review, under section 1, chapter 135, Code.

The basis of the objection to the filing of the amended declaration, is that it sets up a new and different cause from that stated in the original declaration.

The first inquiry, not suggested by either party, is whether the question is proper for certification under the statute, which provides: "Any question arising upon the sufficiency of a summons or return of service, or challenge of the sufficiency of a pleading, in any case within the appellate jurisdiction of the supreme court of appeals, may, in the discretion of the court in which it arises, and shall, on the joint application of the parties to the suit, in beneficial interest, be certified by it to the supreme court of appeals for its decision, and further proceedings in the case stayed until such question shall have been decided and the decision thereof certified back." It is held in *Sutherland* v. *Guthrie*, 82 W. Va. 419, that matters relating to mere procedure by the court below cannot be certified to this court, under the authority of section 1, chapter 135, Code. In *McMechen* v. *Railroad Company*, 90 W. Va. 21, 23, it is stated: "If the record showed objection to the filing of the amended declaration because of introduction therein of another and different cause of action from that on which the original was predicated, on a motion to strike out for that reason, would the action of the court thereon be cognizable upon certification to this court? 'Any question arising upon the sufficiency of a summons or return

26

of service, or challenge of the sufficiency of a pleading * * * may, in the discretion of the court in which it arises, and shall on the joint application of the parties to the suit, in beneficial interest, be certified by it to the supreme court of appeals for its decision,' etc., section 1, chapter 135, Code. We are inclined to the view that a motion to strike out, or an objection to the filing because of the introduction of new matter, does not challenge the sufficiency of the pleading and this court has no jurisdiction to review under the statute quoted. *Tyler* v. *Wetzel*, 85 W. Va. 378. But as this question does not arise, neither motion to strike nor objection to filing having been made, it is a query suggested, and one not decided."

Whether or not the question is one proper for certification, under the statute, we are of opinion that the amendment to the declaration did not introduce a new and different cause of action from that stated in the original declaration. The plaintiff would have been entitled to recover under the original declaration, on the ground that the husband was responsible for the wife's tort, whether he or another was the owner of the automobile. So the amendment offered differing from the original declaration only in the averment of ownership of the automobile is immaterial.

The husband is still liable in this state, as at common law, (with certain exceptions), for the torts of the wife. *Leros* v. *Parker*, 79 W. Va. 700.

The ruling of the circuit court is affirmed.

*Ruling · affirmed.*