## CANTWELL v. THATCHER BROS. BANKING CO.

### No. 2799.   Decided September 17, 1915 (151 Pac. 986).

JUDGMENT—RELIEF IN EQUITY—PERJURED TESTIMONY.  Plaintiff sued his bank for an accounting, was debited with an item of $323.22 on the alleged perjured testimony of the president of the bank, and later sued to set aside the judgment and to recover the amount, with interest.  *Held* that, although the prior judgment was founded upon perjured testimony, nevertheless, since plaintiff had had his day in court upon the issue of whether his account had been correctly charged with the item, equity was without power to grant relief where he knew in advance that testimony of that character would be introduced.

Appeal from District Court, First District; Hon. *J. D. Call*, Judge.

Action by James S. Cantwell against the Thatcher Bros. Banking Company.

Judgment dismissing the action.   Plaintiff appeals.

AFFIRMED.

*J. D. Murphy* for appellant.

*Nebeker, Thatcher & Bowen* for respondent.

FRICK, J.

In September, 1914, the plaintiff commenced this action to set aside, upon the alleged ground of fraud, a certain judgment theretofore entered against him and to recover the sum of money sued for in the former action in which the judgment had been entered.   In view that the case was determined on demurrer, and since the complaint contains little, if any, surplus matter, we have deemed it best to set forth the allegations as they are contained in the complaint.   After making the formal allegations, the plaintiff alleges:

"That prior to May 1, 1903, up to and including May 16, 1906, the plaintiff did a banking business with the defendant, by depositing funds with and drawing funds from the

bank of said defendant, that prior to October 10, 1910, the plaintiff began an action in the above-named court against the said defendant for an accounting; that such proceedings were had in said action; that the defendant rendered an account of the dealings between plaintiff and defendant, in which account the plaintiff was charged with the sum of $323.22, paid by defendant to one William Kidman, Jr., as paid upon what was claimed to be a writ of attachment served upon said defendant in an action pending in the above-named court, in which one James S. Hancey was the plaintiff and this plaintiff was the defendant; that on May 16, 1906, this plaintiff gave to said defendant a receipt acknowledging a settlement with said defendant, in which said receipt the said $323.22 paid to William Kidman, Jr., was included; that at the time of giving said receipt the defendant fraudulently and falsely represented and stated to plaintiff that it had been served with a writ of attachment in said Hancey case, and had paid said sum on said writ of attachment, while, in truth and in fact, as defendant well knew, no such writ had been served upon said defendant, and that said bank had not paid said sum on said writ; that, relying upon said representation and statement of defendant, and being in ignorance of the falsity of said statement, plaintiff signed said receipt of May 16, 1906; that upon the trial of said action brought for an accounting as aforesaid H. E. Hatch, the then president of the defendant, falsely swore and testified that defendant had been served with said writ of attachment, he well knowing that at the time of testifying that no such or any writ of attachment had been served upon the defendant in said Hancey case or in any other action; that thereupon the above-named court, on said action for an accounting being submitted to it for a decision, found that all matters between plaintiff and defendant had been settled, and, but for said false testimony of said Hatch, said court would have found that defendant was indebted to plaintiff in the sum of $323.22, with interest thereon at the rate of 8 per cent. per annum from May 16, 1906, and upon said finding said court entered a judgment dismissing said action of plaintiff for an accounting; and that plaintiff had no cause of

action against defendant, and for costs of suit, which judgment was made and entered on October 10, 1910.''

Plaintiff prayed that the judgment of October 10, 1910, be set aside, and that he recover said sum of $323.22, with legal interest and costs. The defendant interposed a general demurrer to the complaint, which the court sustained, and, the plaintiff electing to stand upon his complaint, a judgment dismissing the action was duly entered, from which he appeals.

It is insisted that the court erred in sustaining the demurrer. By reference to the allegations of the complaint it at once becomes apparent that the claimed fraud arose out of the alleged perjury committed by the principal witness for the defendant in a prior action for an accounting commenced by the plaintiff against the defendant. It will also be seen that the plaintiff alleges that the witness referred to testified in the prior action that a certain writ of attachment had been issued and served on the defendant, by means of which the money claimed in the prior action, and also claimed in this one, had been attached and paid by the defendant, as required by said writ of attachment and therefore the defendant should be credited with the amount so paid, and, if credited therewith, nothing was owing to the plaintiff by the defendant. The court found the facts and entered judgment in conformity with the testimony of the witness as aforesaid. The questions of whether the attachment had been issued and served and whether the defendant had duly accounted for the money now in suit were directly in issue in the prior action. The plaintiff, therefore, had his day in court upon those questions. If, therefore, the witness committed perjury, and for the purposes of this decision, in view of the demurrer, we must assume that he did, yet the perjury directly related to a matter in issue in both the former as well as in the present action. If we assume, therefore, that the perjury constituted a fraud as against the plaintiff, yet it was fraud which directly arose out of the matter litigated in the prior action. The case, therefore, clearly is not one where some alleged fraud was committed which prevented the plaintiff from fully presenting his case or where he was deceived

or misled, and for those reasons did not make out a case or present his defense, as the case may be, but the alleged fraud —that is the perjury—was committed with respect to the things litigated and which the court adjudicated in the former action. Under such circumstances, the great weight of authority is to the effect that a court of equity is not authorized to grant relief. The law upon the subject is well stated by the Supreme Court of Iowa in the case of *Heathcote* v. *Haskins*, 74 Iowa, 569, 38 N. W. 419, in the following words:

"That the production upon the trial of false testimony to establish a cause of action or defense would in many cases amount to such a fraud as would entitle the adverse party to a new trial, or the vacation of the judgment, is certainly true. This would be so if the fact of its falsity or the evidence by which the fact could be established was not discovered until after the trial of the rendition of the judgment. But it would be trifling with the law to permit a party who, being advised in advance that testimony of that character would be resorted to on the trial, and who knew also of the existence of evidence by which the false testimony could be rebutted, but who neglected to either produce that evidence or assert his defense, to afterwards question the judgment because it was founded on that testimony; for, while it is the policy of the law to afford the parties to litigation the fullest opportunity for the establishment of their rights, it is equally its policy to maintain and enforce the judgments pronounced by the courts after those opportunities have been enjoyed by the parties."

In *United States* v. *Throckmorton*, 98 U. S. at page 64 (25 L. Ed. 93), Mr. Justice Miller, in speaking for the court upon this subject, says:

"There is no question of the general doctrine that fraud vitiates the most solemn contracts, documents, and even judgments. There is also no question that many rights originally founded in fraud become—by lapse of time, by the difficulty of proving the fraud, and by the protection which the law throws around rights once established by formal judicial proceedings in tribunals established by law, according to the methods of the law—no longer open to inquiry in the usual and ordinary methods. Of this class are judgments and decrees of a court deciding between parties before the court and subject to its jurisdiction, in a trial which has presented the claims of the parties, and where they have received the consideration of the court."

The justice, after adverting to causes for which judgments may be set aside, proceeds as follows:

"On the other hand, the doctrine is equally well settled that the court will not set aside a judgment because it was founded on a fraudulent instrument, or perjured evidence, or for any matter which was actually presented and considered in the judgment assailed. . Mr. Wells, in his very useful work on Res Adjudicata, says (section 499): 'Fraud vitiates everything, and a judgment equally with a contract, that is, a judgment obtained directly by fraud, and not merely a judgment founded on a fraudulent instrument; for, in general, the court will not go again into the merits of an action for the purpose of detecting and annulling the fraud. * * * Likewise there are few exceptions to the rule that equity will not go behind the judgment to interpose in the cause itself, but only when there was some hindrance besides the negligence of the defendant, in presenting the defense in the legal action.' "

See, also, *Graves* v. *Graves*, 132 Iowa, 199, 109 N. W. 707, 10 L. R. A. (N. S.) 216, 10 Ann. Cas. 1104; *El Reno, etc., Co.* v. *Sutton*, 41 Okl. 297, 137 Pac. 700, 50 L. R. A. (N. S.) 1064. In the notes appended to the decision in 10 L. R. A. (N. S.) the annotator has collated and reviewed a large number of cases to which we refer the reader. It is not deemed necessary either to cite or to refer to any other of the numerous cases upon the subject. It must suffice to say that the facts alleged in the complaint in the case at bar bring it squarely within the class of cases wherein courts of equity cannot grant the relief prayed for.

The judgment therefore should be, and it accordingly is, affirmed, with costs to respondent.

STRAUP, C. J., and McCARTY, J., concur.