DECIDED IN

# THE SUPREME COURT

OF THE

# STATE OF UTAH

*(Continued from Volume 56.)*

TOOELE MEAT & STORAGE CO. v. EITE CANDY CO.
et al.

No. 3064.   Decided November 26, 1917.   (168 Pac. 427.)

1. PLEADING—ACTIONS—SUFFICIENCY.   Under Comp. Laws 1907, section 2986, requiring liberal construction of pleadings, an answer denying upon information and belief that the judgment sought to be set aside was obtained by fraud, and denying generally allegations not previously admitted or denied, *held* sufficient upon plaintiff's motion for judgment upon the pleadings.

2. JUDGMENT—SETTING ASIDE—GROUNDS.   The technical defense that a corporation lacked legal capacity to sue because not authorized to do business in the state, is not ground for setting aside a judgment obtained by such corporation.

3. ABATEMENT AND REVIVAL—LEGAL CAPACITY TO SUE—WAIVER. Under Comp. Laws 1907, Sections 2962 and 2966, providing that plaintiff's want of capacity to sue may be raised by demurrer or answer, and section 2967 providing that objections not taken by demurrer or answer are waived, excepting those to the court's jurisdiction, and that complaint does not state a cause of action, failure to raise the corporate plaintiff's lack of capacity to sue by answer or demurrer waives such objection.

(1)

4.  JUDGMENT—SETTING ASIDE—GROUNDS.  A judgment will not be
set aside because obtained by misstatements regarding the
judgment creditor's right to sue.[1]

Appeal from District Court, Tooele County; *Geo. G. Armstrong,* Judge.

Action by the Tooele Meat & Storage Company against the Eite Candy Company and D. M. Adamson, Sheriff. Judgment for defendants, and plaintiff appeals.

AFFIRMED.

*Evans, Evans & Folland,* of Salt Lake City, for appellant.

*W. S. Marks,* of Tooele, and *Booth, Lee, Badger & Rich,* of Salt Lake City, for respondents.

FRICK, C. J.

Appellant's counsel, in their brief, state the purpose of the action and the question presented for decision in the following words:

"A suit was commenced in the name of the *Eite Candy Company* v. *Tooele Meat & Storage Company.* The judgment was obtained by plaintiff, and upon appeal was affirmed. Plaintiff in this case now seeks to set aside the judgment last referred to on the ground of fraud. The complaint sets out that a fraud was perpetrated, consisting of fraudulent allegations made in the original cause, as to the legal entity of the Eite Candy Company. That it was alleged in the complaint that the Eite Candy Company was a corporation of the state of Utah, when in truth and in fact there did not, and had not existed, any such corporation. That the judgment was and is absolutely null and void."

In paragraph 5 of plaintiff's complaint, in referring to the former action, it is alleged:

"That the said action was commenced under fraudulent and false allegations as to the legal capacity of said plaintiff Eite Candy Company, whereas it was alleged in said complaint that the said

---

[1] *Cantwell* v. *Thatcher Bros. Banking Co.,* 47 Utah 150, 151 Pac. 986.

Eite Candy Company was a corporation of the state of Utah, when in truth and in fact there did not at that time, or at any time, exist any such corporation organized under the laws of the state of Utah, and that no such company had ever complied with the laws of said state relating to corporations or come into legal existence."

Allegations of a similar import are contained in paragraph 6 of the complaint. It was further alleged that the judgment, for the reasons stated, was void, etc. The defendants filed a joint answer in which denials relating to the foregoing allegations were in the following form:

"Answering paragraph 5 of said complaint these answering defendants, not being sufficiently advised, upon information and belief deny each and every allegation of said paragraph 5."

The allegations of paragraph 6 were denied in precisely the same words. The foregoing denials were followed by a general denial in the following words:

"Defendants further answering deny each and every other allegation in said complaint, not hereinbefore admitted or denied."

The defendants also pleaded affirmative defenses, which it is not necessary to refer to here. At the hearing the plaintiff adduced no evidence in support of the allegations of its complaint, while the defendants produced documentary evidence in support of the averments contained in the answer. The court made findings of fact and conclusions of law in favor of the defendants and entered judgment accordingly.

Plaintiff appeals from the judgment, and, among other things, contends that the court erred in not entering judgment in its favor on the pleadings. In that connection it is contended by appellant's counsel that the fraud alleged in the complaint is not denied by the defendants in their answer and hence is admitted. While it is true that the specific denials are not in the most approved form, yet it is manifest to one reading the answer that the defendants intended to deny the allegations contained in paragraphs 5 and 6 of the complaint. Moreover, denials "upon information and belief," under a statute like ours, have been held sufficient. *Bennett* v. *Leeds Mfg. Co.,* 110 N. Y. 150, 17 N. E. 669; *Howe* v. *Elwell,* 57 App. Div. 357,

67 N. Y. Supp. 1108, and cases cited in the foregoing cases.

Again, the specific denials are followed by a general denial, which, in all respects, was in compliance with our statute. If it were held, therefore, that the specific denials, in the form in which they are stated by the defendants, were insufficient to present an issue of fact, yet it certainly cannot be held that they constitute a formal admission of the facts stated in the complaint. The most that could be claimed in that regard would be that, in view that the specific denials are insufficient to present an issue, for that reason there is failure on the part of the defendant to deny. Where, however, as in this case, the specific denials are followed by a general denial which is sufficient to present an issue of fact, how can it truthfully be said that the allegations of the complaint are admitted so as to entitle plaintiff to judgment on the pleadings? Under our statute (Comp. Laws 1907, section 2986) the allegations and averments in pleadings must be liberally construed. That section reads:

"In the construction of a pleading for the purpose of determining its effect, its allegations must be liberally construed, with a view to substantial justice between the parties."

If, therefore, we apply the provisions of that section to defendants' answer in this case it cannot be doubted that the answer does present an issue of fact, and hence is sufficient to withstand a motion for judgment on the pleadings. The court therefore did not err in refusing to enter judgment for the plaintiff.

There is, however, another reason why the court did not err in refusing to enter judgment for the plaintiff on the pleadings. Plaintiff's claim rests entirely upon the ground that the defendant Eite Candy Company did not have legal capacity to sue when it instituted the action in which the judgment was obtained against plaintiff, the enforcement of which it seeks to enjoin in this action. In other words, plaintiff's sole defense to the enforcement of the judgment is the Eite Candy Company's want of legal capacity to sue. Such an objection is not ground for setting aside a judgment or to enjoin its enforcement. 23 Cyc. 964-965,

15 Standard Proc. 309; *Abram French Co.* v. *Marx,* 8 Misc. Rep. 490, 28 N. Y. Supp. 749.

There is still another reason why this appeal must fail, and why plaintiff fails to state a cause of action in its complaint. The objection that the plaintiff has not legal capacity to sue, or to maintain or prosecute an action is one that, under all of the codes, must be taken at the proper time and in the proper manner or it will be deemed waived. Such an objection is like one that the plaintiff is not the real party in interest. That objection must be made by special demurrer if it appear on the face of the complaint, and, if it does not so appear, then advantage of it must be taken by answer, and if not taken either by answer or demurrer the objection is waived. *Fritz* v. *Western Union T. Co.,* 25 Utah, 263, 71 Pac. 209; *Insurance Co.* v. *Railroad Co.,* 44 Utah, 26, 137 Pac. 653. The objection of want of legal capacity to sue is also waived unless made either by answer or demurrer. Among the numerous authorities that could be cited which so hold we refer to the following. *Phoenix Bank* v. *Donnell,* 40 N. Y. 410; *Perkins* v. *Stimmel,* 114 N. Y. 359-368, 21 N. E. 729, 11 Am. St. Rep. 659; *Spence* v. *Insurance Co.,* 40 Ohio St. 517; *Phillips* v. *Goldtree,* 74 Cal. 151, 13 Pac. 313, 15 Pac. 451; *Town of Susanville* v. *Long,* 144 Cal. 362, 77 Pac. 987; *Meyer* v. *Lane,* 40 Kan. 491, 20 Pac. 258; Boone, Code Pl. sections 48 and 262; 2 Bates, Pl. & Pr. page 1778. Indeed, our own statute (Comp. Laws 1907) is to the same effect. In section 2962 it is provided that in case the defect of want of capacity to sue appears on the face of the complaint the defect may be reached by special demurrers, and section 2966 provides that in case the defect does not so appear the objection may be made by answer. Section 2967, however, provides that if the objection is not made by either of the foregoing methods it is waived. Section 2967 reads:

"If no objection be taken, either by demurrer or answer, the defendant must be deemed to have waived the same, excepting only the objection to the jurisdiction of the court, and the objection that the complaint does not state facts sufficient to constitute a cause of action."

Nor does it make any difference that the plaintiff insists that the allegations in the Eite Candy Company's complaint in the former action' respecting its corporate capacity were falsely or fraudulently made. In any case where corporate existence is alleged when it does not exist, the allegations in that regard would be false and could thus be characterized as fraudulent. That, however, neither does nor can change the rule that the objection must be made at the time and in the manner before stated. To hold otherwise would, in effect, amount to holding that the ancient procedure of the common law of arrest of judgment in civil actions is in force in this jurisdiction. While it is true that the attempt to arrest the judgment would not be in the form of a motion in that action, yet it would be in the form of an action in equity, as in this case. While it would not, in form, arrest the entry of judgment, it would, nevertheless, arrest its enforcement, which, in legal effect, would be the same as if the entry of judgment were arrested. No doubt an action in equity is a proper remedy to set aside or to prevent the enforcement of a void judgment. A judgment, however, in an action in which the plaintiff did not have the legal capacity to sue or to prosecute the same is not void, and, as we have seen, is a matter that may be waived, and, under all the authorities, unless the objection is made at the proper time and in the proper manner is waived. The plaintiff, not having made the objection in the former action, it has waived its right to interpose the same in this action.

The district court, upon the evidence produced by the defendant, however, found that plaintiff's objections have no foundation in fact, and that is another reason why this appeal must fail.

Again, even though it were conceded that the judgment in the former action was obtained through a misstatement of the facts respecting the legal capacity to sue, yet that, standing alone, would not be sufficient cause to set aside the judgment in this case. The rule in that regard is well and correctly stated in 15 R. C. L. section 215, pages 762-764, inclusive. To the same effect is *Cantwell*

Appeal from Third District

v. *Thatcher Bros. Banking Co.*, 47 Utah, 150, 151 Pac. 986; *El Reno, etc., Co.* v. *Sutton*, 41 Okl. 297, 137 Pac. 700, 50 L. R. A. (N. S.) 1064. In the notes appended to the decision reported in 50 L. R. A. (N. S.) a large number of cases are collated.

There are therefore a number of conclusive reasons why this appeal cannot prevail. The judgment is therefore affirmed, defendants to recover costs.

McCARTY, CORFMAN, THURMAN, and GIDEON, JJ., concur.