WRIGHT v. W. E. CALLAHAN CONST. CO. et al.

No. 6776. Decided March 10, 1945. (156 P. 2d 710.)

See 34 C. J. Judgment, Sec. 738. 31 Am. Jur. 230.

*D. H. Oliver,* of Salt Lake City, for appellant.

*Ingebretsen, Ray, Rawlins & Christensen,* of Salt Lake City, for respondents.

WADE, Justice.

Appeal from an order sustaining defendants' general demurrer to plaintiff's amended complaint and dismissing the matter because it did not state a cause of action.

Plaintiff had previously filed a suit against defendants wherein he sought to recover the difference in the amount paid him for work done for defendants and that paid to other employees doing like work at the same time under an alleged agreement that he was to receive the same rate of pay as these other employees. In attempting to prove his case plaintiff had testified that he had seen the checks of two other employees, namely, those of a Mr. William McKinney and a Mr. Barnes, who were doing the same type of work he was during the same period he was work-

ing and that their rate of pay was substantially higher. Defendants denied this. The court before deciding the issue expressed a desire to see the checks to which plaintiff referred and defendants said they would try and obtain these. The court continued the matter to give the defendants an opportunity to produce the checks. When the trial was resumed the defendants offered to introduce what purported to be a payroll record of Harry McKinney and Wayne Franklin Barnes. Plaintiff objected to introduction in evidence of the payroll record of Harry McKinney because it did not appear he was the same person as William McKinney. The defendants' attorney explained that Harry McKinney was the only name on the payroll of the company which was even similar to the name of the man whose checks plaintiff claimed to have seen. The court found in favor of the defendants.

After the time within which a motion for a new trial could have been filed or an appeal taken to this court, plaintiff filed the complaint against the defendants from the dismissal of which this appeal is taken. He alleged therein in substance the facts about the first suit and that after the time in which a motion for a new trial or an appeal to the supreme court could have been taken had lapsed that he discovered the defendants had willfully and fraudulently and with the purpose of deceiving the court stated that there was no William McKinney on their payroll at the times in question, whereas in truth and in fact there was such a person on their payroll. That this misrepresentation did deceive the court and if it were not for this representation the decision would have been otherwise.

It is well settled that a court will not grant relief and set aside a judgment unless such judgment was obtained by extrinsic fraud; that is where the fraud practiced in obtaining the judgment prevented the parties from having their day in court and the issues involved from being tried. The failure of a party to have used due diligence in presenting all the facts in the case

to the court or in failing to meet any perjured testimony is not such fraud on the court as will be redressed in a suit directly attacking the judgment. Where the issues involved in a case have been fully tried, even though the judgment was procured by perjured evidence and but for such perjury the result might have been otherwise, the judgment will not be set aside. To do otherwise would make for endless litigation. See *Cantwell* v. *Thatcher Bros. Banking Co.,* 47 Utah 150, 151 P. 986; *Mosby* v. *Gisborn,* 17 Utah 257, 54 P. 121; *Anderson* v. *State,* 65 Utah 512, 238 P. 557; *Pico* v. *Cohn,* 91 Cal. 129, 25 P. 970, 27 P. 537, 13 L. R. A. 336, 25 Am. St. Rep. 159; *United States* v. *Throckmorton,* 98 U. S. 61, 25 L. Ed. 93; *La Salle* v. *Peterson et al.,* 220 Cal. 739, 32 P. 2d 612.

A mere cursory reading of plaintiff's amended complaint discloses that the issue of the differential in pay which was the gravamen of the action was directly presented to the court and the evidence thereon heard. The court's determination was based on that issue which was tried before it in that action. Plaintiff does not allege he was prevented by defendants from being in court nor that he was lulled into a feeling of false security by any artifice of defendants whereby he failed to bring in evidence he could have obtained to prove his case. His amended complaint clearly shows that he had his day in court and therefore the court did not err in sustaing defendants' general demurrer and dismissing the case.

Affirmed. Costs awarded to respondents.

LARSON, C. J., and McDONOUGH, TURNER, and WOLFE, JJ., concur.