## STATE v. SCHREIBER.

No. 7737.   Decided June 6, 1952.   (245 P. 2d 222.)

See 24 C. J. S., Criminal Law, sec. 1095. Judgments, fraud as basis for attack on. 31 Am. Jur., Judgments, sec. 595.

*Grant Macfarlane, Clifford L. Ashton, Leonard J. Lewis,* Salt Lake City, for appellant.

*Clinton D. Vernon,* Atty. Gen., *Mark K. Boyle, Allen B. Sorensen,* Asst. Attys. Gen., for respondent.

WADE, Justice.

August Schreiber, appellant herein, who had been for some years a practicing naturopath, was on March 18, 1949, convicted of the crime of abortion on a young woman. On May 14, 1949, he was sentenced to an indeterminate term of not less than two nor more than ten years in the state prison.

This sentence was suspended and appellant placed on probation the same day. In October, 1949, appellant, through his attorney made an application to the court for an order setting aside his conviction, dismissing the action and discharging him from custody. After a hearing on this application at which evidence was introduced to the effect

that appellant and his young son were very ill and that a removal to a warmer climate would be beneficial to both and that appellant who was a naturopathic physician licensed to practice in Florida intended to move there permanently and practice there as much as his health would permit, and it also appearing that there was a report from the Utah Adult Probation and Parole Department that appellant had fully complied with the conditions of his probation and that it would support any action the court might take in setting aside the conviction, the court ordered the conviction set aside and the appellant discharged from further supervision of the parole department.

On May 29, 1951, the district attorney for the Third Judicial District Court filed a petition to vacate and set aside this order because the order had been made on the condition that appellant permanently remove from the state of Utah and appellant had violated this condition by returning to reside and practicing in Salt Lake City, Utah.

At the hearing of the district attorney's petition to vacate the order it appeared that appellant had failed to move from Utah immediately as the court had understood he would do and that he actually did not leave until the latter part of December, 1949, after the court had repeatedly told appellant's attorney that it was being advised of his continued presence in the state and finally told the attorney to warn him to get out of the state by Christmas or he would revoke the order. There was no evidence this warning was related to appellant. Appellant testified that his reasons for failing to leave the state sooner was the necessity of disposing of his practice and his illness which caused him to be bedridden during most of that period. After appellant and his family moved to Florida they remained there about eight months but his health failed to improve and they decided to go to California. On his way to California he passed through Salt Lake City and while there he consulted one of the judges of the Third Judicial District on the legality of passing through Utah. This judge advised

him that there was nothing in the order of the court which prohibited him from passing through or remaining in Utah, if he so chose. Appellant went to California but finding that his health did not improve there, he came back to Salt Lake where his wife bought a home and he intended to resume his practice.

The court revoked the order on the ground that a fraud had been practiced on it because the order had been procured on the representation that appellant would permanently leave the state on account of his ill health, but that appellant never had any intention of so doing. This may well have been the fact but there is insufficient evidence in the record upon which to base such a finding.

The order of the court was:

"That the conviction of the defendant, August Schreiber, * * * be set aside and that the said action against said defendant be dismissed and that the said defendant be discharged from further supervision of the parole department of the State of Utah."

This order was final and unconditional. Although the preamble states that it was granted because appellant, on account of ill health, desired to move permanenlty from the state the order was not conditioned on that premise. The order was not revoked for failure to comply with a condition but because the court found from the facts and circumstances of appellat's late departure and early return to Utah that appellant had never intended to permanently leave Utah and therefore had practiced a fraud on the court in procuring the order.

It is well established that the court has the power to vacate an order or judgment procured by extrinsic fraud, 31 Am. Jur., Judgments, Sec. 735; *Cantwell* v. *Thatcher Bros. Banking Co.*, 47 Utah 150, 151 P. 986; *Anderson* v. *State*, 65 Utah 512, 238 P. 557; and *Rice* v. *Rice*, 117 Utah 27, 212 P. 2d 685.

Under the provisions of Sec. 105-36-17, U. C. A. 1943, as amended in S. L. '43, c. 24, to terminate appellant's sentence the court was required to find that he had complied with the conditions of his probation and such termination was compatible with the public interest. The probation officer's report indicated that the conditions of his probation had been complied with and the evidence showed that appellant and his young son were both ill and their physician recommended a different climate and appellant expressed a desire to remove from Utah permanently. On this evidence the court concluded that the termination would be compatible with the public interest.

At the hearing to vacate the order which had previously been made setting aside the sentence, the only evidence before the court was that of appellant. It was to the effect that he had not left Utah sooner because of delay in disposing of his practice and the fact that he claimed that he was too ill to travel; and further that the Florida climate had not proved beneficial to his health because of which he had returned to Utah. While the trial court apparently believed that he did not intend to leave Utah permanently at the time the sentence was vacated, so far as the record is concerned, this belief is apparently based upon suspicion rather than an affirmative showing in the evidence. From an examination of the record, taken in the light most favorable to the finding of the trial court, we are compelled to conclude that there is a failure to prove fraud either extrinsic or intrinsic. In the absence of such proof, the court could not properly vacate the order merely because of its belief that fraud had been practiced. The instant case is an example of misuse of Sec. 105-36-17, U. C. A. 1943, as amended in S. L. U. Chap. 24, 1943, which was enacted for the purpose of permitting the court under unusual circumstances and for good cause to expunge the record of crime. It should be observed that the fact that the record was so changed does not in any way gainsay the fact that the accused was convicted of the crime of abortion

nor the fact that the crime was actually committed even though by his representations and the procedure above indicated, he succeeded in getting the record expunged.

Judgment reversed.

WOLFE, C. J., and McDONOUGH, CROCKETT and HENRIOD, JJ., concur.