313 P.2d 461

WILLIAM C. MOORE & COMPANY, a corporation, Plaintiff and Respondent,

v.

Delfino SANCHEZ, Defendant and Appellant.

WILLIAM C. MOORE & COMPANY, a corporation, Plaintiff and Respondent,

v.

Iliff GARDNER, Defendant and Appellant.

Nos. 8607, 8608.

Supreme Court of Utah.

June 27, 1957.

William H. Bowman, Ogden, Royce G. Hulsey, Salt Lake City, for appellants.

Grant H. Bagley, Grant Macfarlane, Jr., Salt Lake City, for respondent.

CROCKETT, Justice.

William C. Moore and Company of New York recovered judgments for the purchase price of nursery products shipped to defendants Sanchez and Gardner, residents of Utah. The grounds of defense, asserted below unsuccessfully and now urged as meritorious on this appeal are: (1) That the plaintiff is under disability to maintain the actions because it is a foreign corporation doing business in Utah without having complied with the statutory requirements;[1] and (2) That the stock was not of the

---

1. Sec. 16–8–3, U.C.A.1953: "Any foreign corporation doing business within this state and failing to comply with the provisions of sections 16–8–1 and 16–8–2 shall not be entitled to the benefit of the laws of this state relating to corporations, and shall not sue, * * * in any of the courts of this state * * *."

quality represented. These two cases were consolidated for trial and are so treated on appeal.

The plaintiff company proselytes the sale of its nursery and greenhouse stock quite generally throughout the country. Its sales are effected through salesmen who take orders from retail customers, such as defendants. Plaintiff's contracts provide that they are binding only upon acceptance at its home office in New York, and that the customers will pay for the merchandise plus shipping charges within five days after receipt. They expressly state that the plaintiff does not warrant the quality, productiveness, or life of any of the plants, but it agrees to replace any that fail to live for one year conditioned, however, that the purchasers pay promptly, plant the stock immediately upon arrival and give it proper care.

■ The defendants' principal contention here is that the trial court erred in striking their first defense above recited. They urge that the sales of such merchandise within this state amount to "doing business" here, and that inasmuch as they have not complied with statutory requirements, they come within the interdiction of the statute and thus cannot maintain these suits. These transactions are clearly distinguishable from the facts upon which our ruling in the case of Mud Control Laboratories v. Covey [2] is based. There the merchandise came to rest and thereafter an independent intrastate transaction occurred. Except for the solicitation and the one continuous shipment from the consignor outside the state to the consignee here, there is no indication that the plaintiff was otherwise conducting any of its affairs within this state. The sales in the instant case are, therefore, typical interstate commerce transactions,[3] and we are aware of no reason why the plaintiff is under any disability to institute and maintain these actions to recover for the merchandise sold, even though it has not complied with our statutory requirements to qualify to do business here.[4]

■ The defendants appear to have relied heavily upon their defense just discussed. Although they were notified of a

2. 2 Utah 2d 85, 269 P.2d 854.

3. Contracts to buy, sell, or exchange goods to be delivered in another state are interstate commerce: See Caldwell v. State of North Carolina, 187 U.S. 622, 23 S.Ct. 229, 47 L.Ed. 336; Dahnke-Walker Milling Company v. Bondurant, 257 U.S. 282, 291, 42 S.Ct. 106, 66 L.Ed. 239; International Text-Book Company v. Pigg, 217 U.S. 91, 30 S.Ct. 481, 54 L.Ed. 678; Advance-Rumely Thresher Co., Inc., v. Stohl, 75 Utah 124, 283 P. 731; Riley Stoker Corporation v. State Tax Commission, 3 Utah 2d 164, 280 P.2d 967; 2 Beale, Conflict of Laws, Sec. 175.3 p. 821 (1935).

4. See Kansas City Wholesale Grocery Co. v. Weber Packing Corporation, 93 Utah 414, 73 P.2d 1272; Miller Brewing Co. v. Capitol Distributing Co., 94 Utah 43, 72 P.2d 1056; Advance-Rumely Thresher Co., Inc., v. Stohl, 75 Utah 124, 283 P. 731.

hearing on plaintiff's motion for summary judgment, neither they nor their counsel appeared. They now contend that the granting of such motion was error because there existed disputed issues of fact, relating to their defense that the plaintiff failed to deliver the stock as contracted, which should have been tried.

One facet of this defense relates to a claim of failure of consideration. In order to establish such defense it is necessary that the party asserting it demonstrate that he has not received what he bargained for.[5] It is obvious that the defendants' contention is not well grounded, since it is not disputed that the numerous varieties of nursery stock ordered by the defendants were in fact delivered.

The real basis of the defense on the merits is the charge that the stock was not as represented. Defendants aver that although they planted the stock promptly and gave it proper care, it was of such poor grade and so lacking in vitality that much of it failed to live and the rest was of inferior quality. Pertinent to this point is the provision of the contract, referred to above, that the company does not warrant the quality or life of the plants except that it agrees to replace any that fail to live for one year. It appears that the defendants did not give notice of any claimed deficiencies, nor did they make any requests for replacements. Thus the plaintiff had no opportunity to make good any shortcomings that may have existed in the merchandise it furnished.

As to the representations made: it is of course true that plaintiff's salesmen made various laudatory representations about the excellence of the stock, and what a bargain it was at the price offered. It is hardly to be expected that they would give the defendants the benefit of a wholly unbiased and critical appraisal of their wares. Such is not wont of those who have something to sell, a fact well known since the memory of man runneth not to the contrary, and which gives rise to one of the best known maxims of the law: "Caveat emptor," which is applicable here. Moreover, from anything that appears in the defendants' own depositions the extolling the virtues of their products does not go beyond what is reasonably to be expected in such transactions and is properly classified as sales "puffing" and not as warranties of quality.

█ Conceding all of the facts as claimed in the depositions to be true, they would establish neither failure of consideration, nor grounds to rescind the contracts for fraud. The motion for summary judgment, which was in effect a demurrer to defendants' evidence, was properly granted.[6]

5. Van Tassell v. Lewis, 118 Utah 356, 222 P.2d 350, 353.

6. See Young v. Felornia, 121 Utah 646, 244 P.2d 862; R. J. Daum Construction Co. v. Child, 122 Utah 194, 247 P.2d 817; Ulibarri v. Christenson, 2 Utah 2d 367, 275 P.2d 170.

■ There is a matter of irregularity in procedure that merits brief attention. Subsequent to the receipt here of the record on appeal, the district court, on plaintiff's motion, entered an order directing the transmittal of a supplemental record as is permitted under Rule 75(h), U.R.C.P. The defendants have made a motion to strike the same on the grounds: (1) that they received no notice of the motion, (2) that the depositions contained therein were never received in evidence.

Rule 75(h), U.R.C.P. provides:

"If anything material to either party is omitted from the record on appeal by error or accident * * * the district court, either before or after the record is transmitted to the Supreme Court, * * * on a proper suggestion or of its own initiative, may direct that the omission * * * be corrected, and * * * a supplemental record shall be certified and transmitted * *."

but is silent as to any requirement of notice of such procedure. It is certainly desirable and good practice to give the adverse party notice of any proposed action that may affect either his rights or responsive procedure by him, and failure to give such notice may render any action taken without it nugatory if it prejudices the rights of the other party. Nevertheless, in the instant situation we see in the irregularity of failing to give notice nothing which prejudiced the rights of defendants, nor any useful purpose consistent with the interests of justice which would be served by remanding the case to have the record properly completed after such notice.

■ As to the contention that the depositions were never received in evidence: the judgment of the trial court recites that they were published at the hearing on the motion for summary judgment, and it seems based on their contents. Since the defendants were not at the hearing, they are in no position to contest the fact that the depositions were published at that time.

Affirmed. Costs to respondents.

McDONOUGH, C. J., and WADE, WORTHEN, and HENRIOD, JJ., concur.