424 P.2d 881

**L. B. FOSTER COMPANY, a Pennsylvania corporation, Plaintiff and Respondent,**

v.

**NELSON BROTHERS CONSTRUCTION COMPANY, a Utah corporation, and Industrial Indemnity Company, a corporation, Defendants and Appellants.**

No. 10613.

Supreme Court of Utah.

March 6, 1967.

James F. Housley, Salt Lake City, for appellants.

Allan E. Mecham, Salt Lake City, for respondent.

TUCKETT, Justice:

This is an action by the plaintiff and respondent to recover for materials furnished and used in the construction of a project on Interstate Highway No. I-15 located in North Lehi, Utah. From a judgment in favor of the respondent, appellants have appealed to this Court seeking a reversal of the trial court's decision.

The appellant Nelson Brothers Construction Company was awarded a general contract by the State of Utah to construct a highway project. In connection with the project the appellant Nelson Brothers entered into a subcontract with Bountiful Materials and Construction Company, also re-

ferred to in the record as BOMACO, wherein the subcontractor agreed to furnish and to install approximately 1790 linear feet of aluminum guard railing. The subcontractor, BOMACO, in turn purchased the aluminum railing from the respondent and used it in the performance of its contract with appellant Nelson Brothers. After BOMACO became insolvent and unable to pay, the respondent brought this action to recover from the defendant for the materials furnished and used on the project.

Prior to the furnishing of the materials to BOMACO a representative of L. B. Foster Company directed a letter to the appellant Nelson Brothers Construction Company which reads in part as follows:

"* * * In consideration of our delivery of aluminum bridge rail to BOMACO, INC., on your job site, we ask that you guarantee payment of our invoice in accordance with the terms of your subcontract with BOMACO, INC. and that we be afforded protection under your bond."

An endorsement was placed on the letter as follows:

"Agree as above. Nelson Brothers Construction Company, By Reuben G. Skogerboe, Superintendent, Dated: October 17, 1963."

Prior to the dealings we are here concerned with, L. B. Foster Company, the respondent, had had certain dealings with contractors concerning the sale and rental of sheet piling. It had maintained an inventory of sheet piling with various firms in Utah and had compensated said firms for services rendered in the storage, shipment and the cleaning of said pilings. The pilings were supplied to customers in Utah as well as some out of state. The representatives of Foster negotiated for the sale or rental of the sheet pilings and received payment from such customers direct. The record, however, shows that less than 1% of Foster's business was done within the State of Utah.

It is appellant's contention that Foster by reason of its activity in Utah was in fact doing business within the State without a certificate of authority as provided for in Sec. 16–10–120, U.C.A.1953, as amended, and that the respondent is precluded from maintaining this action. As to this claim of the appellant the Court made the following finding:

"That plaintiff's business in the State of Utah was interstate in nature; that all materials from plaintiff to Bountiful Materials and Construction Company were shipped to Bountiful Materials and Construction Company from outside of the State of Utah and that plaintiff neither had an office in the State of Utah nor agents permanently established in the State of Utah; that plaintiff's salesmen

were only in the State of Utah two or three times during the year 1963."[1]

From such finding the Court concluded:

"That plaintiff was not doing business within the State of Utah within the contemplation of the statute barring plaintiff to act without first being qualified to do business under the laws of the State of Utah."

◼ We are of opinion that the Court's finding is amply supported by the evidence.

◼ It is the further contention of appellants that Reuben G. Skogerboe was without authority to enter into a contract guaranteeing payment to the respondent. The subcontract entered into with BOMA-CO was signed on behalf of Nelson Construction Company by Skogerboe. This contract was submitted to the Highway Department of the State of Utah as being one pertaining to the project. Communications directed to Nelson Brothers Construction Company by the respondent concerning the materials and payment therefor was referred to Skogerboe and answered by him. The Court found that Reuben G. Skogerboe was vested with authority to sign the indemnity agreement on behalf of appellant Nelson Brothers Construction Company. The evidence supports the Court's finding.

◼ Appellant's third claim of error is the award of an attorney's fee to the respondent pursuant to the provisions of Sec. 14–1–8 U.C.A.1953, as amended. It will be observed that the statute provides that the prevailing party shall recover a reasonable attorney's fee to be taxed as costs in any action brought upon the bond. While the surety furnishing the bond was made a party to the action, the bond was not offered or received in evidence. It appears that the judgment was bottomed upon the indemnity agreement entered into between the respondent and Nelson Brothers Construction Company. The Court made the following finding:

"That the said indemnity agreement provided the same protection to plaintiff against loss as would have been provided under the payment and performance bond issued by the defendant, Industrial Indemnity Company."

We are of opinion that the award having been made upon the agreement rather than upon the bond the statute providing for attorney's fees has no application.

The Court's opinion is modified to provide that the attorney's fees awarded are deleted and in all other respects the judgment of the Court is affirmed. Each party to bear its own costs.

CROCKETT, C. J., HENRIOD, and CALLISTER, JJ., and ALLEN B. SORENSEN, District Judge, concur.

---

1. Parke Davis & Co. v. Fifth Judicial District Court, 93 Utah 217, 72 P.2d 466; East Coast Discount Corporation v. Reynolds, 7 Utah 2d 362, 325 P.2d 853.