497 P.2d 854

**NATIONAL AMERICAN LIFE INSURANCE COMPANY, Plaintiff and Respondent,**

v.

**Marvin L. BAINUM and Nadine M. Bainum, Defendants and Appellants.**

**No. 12669.**

Supreme Court of Utah.

May 31, 1972.

---

**5.** Wisconsin Pharmaceutical Assn. v. Lee, footnote 4, supra; Maryland Naturopathic Assn. v. Kloman, footnote 3, supra.

Gordon I. Hyde, Salt Lake City, for defendants-appellants.

John W. Lowe, of Brayton, Lowe & Hurley, Salt Lake City, for plaintiff-respondent.

ELLETT, Justice:

The Bainums mortgaged their home to the plaintiff for a good and valuable consideration and failed to make the required payments on the mortgage. This suit was brought to foreclose the mortgage. The Bainums counterclaimed for stock which they claim had been converted by two men, Rush and Wilder, who owned 60 per cent of the stock of a holding company which had a controlling interest in the plaintiff corporation.

At trial the court dismissed the counterclaim and gave a judgment of foreclosure to the plaintiff. The defendants Bainum appeal.

The evidence was to the effect that one Van Gorder had a right to purchase some stock in a Utah corporation known as Continental Republic Life Insurance Company, for which he worked. He severed all relations with the corporation and failed to exercise his option to purchase the stock. Marvin L. Bainum claims that Rush and Wilder told him that he could exercise the Van Gorder option. He at no time paid anything to the Continental Republic Life Insurance Company for the stock. Rush and Wilder paid for the entire Van Gorder option by giving some bonds which they owned, and they allowed Mr. Bainum to sell some of the stock and from the proceeds to pay to them the option price and to keep the profit himself. Bainum complains because Rush and Wilder did not permit him to sell all of the stock taken under the Van Gorder option.

There is a dispute as to what the original arrangement was between Rush, Wilder and Bainum. The court was justified in believing and finding that no promise was made to Bainum to give him all of the Van Gorder stock. Be that as it may, it is of no concern in this lawsuit. The plaintiff is a corporate entity separate and apart from its stockholders and officers who are not acting in their official positions. The fact that Rush and Wilder own 60 per cent of the stock of a company that owns a controlling interest of the plaintiff

herein is of no help to the Bainums in this matter.

The Bainums further contend that at the time the mortgage was given the plaintiff was not fully qualified to do business in Utah, and for that reason the note and mortgage are void.

■ There is no merit to this claim. By Sections 945 and 947, C.L.U. 1917, contracts entered into by a noncomplying foreign corporation were void and unenforceable. However, the law has been amended, so that effective January 1, 1962, contracts entered into in the State of Utah by non-qualified corporations are not void.[1] The plaintiff was fully qualified to do business in Utah prior to trial and hence had a right to use the courts of this State to enforce its rights against these defendants.[2]

■ Besides, since Marvin L. Bainum was president of the plaintiff corporation, it was his duty to see that it was at all times qualified to transact business in Utah, and he ought not be permitted to avoid paying his just debts because of his own misfeasance.

As a matter of fact, the defendants at trial offered no evidence of any lack of qualification on the part of the plaintiff to do business in Utah or to maintain this suit. The trial court found the note and

1. Chapter 28, L.U. 1961.

2. See Section 16-10-120, U.C.A. 1953 (Replacement Vol. 2) ; also see cases cited in

mortgage to be valid and that plaintiff was qualified to bring the foreclosure proceeding. The evidence supports these findings.

The plaintiff is entitled to foreclose its mortgage; and if Mr. Bainum has any complaints to make against Rush and Wilder, the courts are open to him.

The judgment is affirmed. Costs are awarded to the respondent.

CALLISTER, C. J., and TUCKETT, HENRIOD, and CROCKETT, J., concur.