515 P.2d 92

**DUNHAM–BUSH, INC., Plaintiff
and Appellant,**

**v.**

**BILL HARTMANN PLUMBING & HEAT-
ING, INC., Defendant and Respondent.**

**No. 13114.**

Supreme Court of Utah.

Oct. 24, 1973.

Paul M. Halliday of Halliday & Halliday, Salt Lake City, for plaintiff and appellant.

David B. Dee, Salt Lake City, for defendant and respondent.

CROCKETT, Justice:

Plaintiff, Dunham-Bush, Inc., a Connecticut corporation, sued for a claimed balance due on heating and air conditioning equipment it had shipped on defendant's order to the Mountain Home Air Force Base, Idaho. The defendant moved to dismiss the complaint on the ground that the plaintiff is a foreign corporation doing business in Utah without qualifying to do so. Upon the basis of the pleadings, affidavit, and representations of respective counsel, the trial court found in accordance with defendant's contentions and dismissed the action. Plaintiff appeals.

The dismissal was based on U.C.A.1953, Section 16–10–120, which provides in part:

No foreign corporation transacting business in this state without a certificate of authority shall be permitted to maintain any action, suit or proceeding in any Court of this state, until such corporation shall have obtained a certificate of authority . . . .

Plaintiff seeks refuge in exceptions provided for in Section 16–10–102:

. . . a foreign corporation shall not be considered to be transacting business in this state, for the purpose of this act, by reason of carrying on in this state any one or more of the following activities: . . .

. . . . . .

(f) Soliciting or procuring orders, whether by mail or through employees or agents or otherwise, where such orders require acceptance without this state before becoming binding contracts. . . .

. . . . . .

(i) Transacting any business in interstate commerce.

. . . . . .

In arguing that the defendant's orders fall within the exceptions just quoted plaintiff points out that though they were taken in Ogden, Utah, they expressly provided that

they "are subject to acceptance by Dunham-Bush, Inc., in West Hartford, Connecticut." [1]

■ This argument would have merit if plaintiff's right to sue depended upon this particular business with the defendant. But it will be noted that the prohibition of 16–10–120 quoted above is not made dependent upon the particular transaction, but upon the general proposition: whether the corporation is "transacting business in this state." This is to be ascertained upon analysis of its total activities therein. In that connection plaintiff makes the further argument that a distinction should be made between the "business presence" in a state required to subject a foreign corporation to service of process,[2] and the situation here, where a foreign corporation itself brings the suit.

■ We see no reason to disagree with the distinction plaintiff argues for. The purposes and the effects of the statutes are different. The purpose of the one is to provide a means of redress against a foreign corporation by serving its agents who may be found engaging in business activi-

ties in a state. It is to be conceded that under the "long-arm" statutes the courts have gone a long way in applying the so-called "minimum contacts" tests to accomplish that objective.[3] Whereas, the statutes of concern here apply to situations where a foreign corporation is engaging in business in a state to the extent that it is fair and proper that it be compelled to go through the procedure for qualification as a foreign corporation to do business here, and to comply with the attendant formalities and requirements of the law. In this instance it is the foreign corporation which is itself taking the initiative in seeking to invoke the aid of this state's judicial system. By reason of the foregoing, we are in accord with the authorities which express the view that a somewhat greater quantum of business activity is required in order to compel a foreign corporation to qualify to do business within that state or suffer the penalty of not having access to our courts, than that which merely renders it subject to the service of process.[4]

■ The evidence to be considered in the light of the foregoing is set forth in the affidavit of the defendant's president,

1. Moore & Company v. Sanchez, 6 Utah 2d 309, 313 P.2d 461 (1957).

2. Rule 4(e), U.R.C.P., and Secs. 78–27–22, et seq., U.C.A.1953; and see Hill v. Zale Corp., 25 Utah 2d 357, 482 P.2d 332.

3. Foreign Study League v. Holland American Line, 27 Utah 2d 442, 497 P.2d 244; see extensive citation and analysis of cases in

Fisher Covernor Co. v. Superior Court, 53 Cal. 2d 222, 1 Cal.Rptr. 1, 347 P.2d 1; see leading case of International Shoe Co. v. State of Wash., 326 U.S. 310, 66 S.Ct. 154, 90 L. Ed. 95.

4. See analysis of cases and text statement as to this distinction in the annotations at 101 A.L.R. 127 and 146 A.L.R. 942.

William Hartmann: that he and his father before him have done business with plaintiff for over 30 years; that plaintiff has a business office under its name and business designation at 110 West 2950 South in Salt Lake City; that it maintains a telephone so listed in both the regular and the yellow pages of the directory; that it maintains a local bank account; that it has permanent personnel in the office, regularly serving its customers; and that it maintains a warehouse in Salt Lake County from which it delivers merchandise on order.

Resolution of the question whether a foreign corporation is doing business within a state is dependent upon the determination made on matters of fact.[5] The traditional rules of review as to the trial court's prerogatives, and the presumptions of verity, are applicable.[6] In so surveying this record it is our opinion that there is adequate justification for the trial court's conclusion that the plaintiff was doing business in the state of Utah and that it is therefore not entitled to maintain suit against the defendant until it qualifies to do so as required by law.[7]

5. See Wiley Electric Co. v. Electric Storage Battery Co., 167 Miss. 842, 147 So. 773 (1933).

6. Cf. Memmott v. United States Fuel Co., 22 Utah 2d 356, 453 P.2d 155.

7. That foreign corporation may sue after qualifying, see National American Life Insur-

Affirmed. Costs to defendant (respondent).

CALLISTER, C. J., and ELLETT, HENRIOD and TUCKETT, JJ., concur.

ance Co. v. Bainum, 28 Utah 2d 45, 497 P.2d 854 (1972); the former statute, 16–8–3, U. C.A.1953, provided a complete bar to suit, see Mud Control Laboratories v. Covey, 2 Utah 2d 85, 269 P.2d 854 (1954); but that section was repealed by Chap. 28, S.L.U.1961, and the present Sec. 16–10–20 was enacted.