Rena B. WHITE, Plaintiff and Appellant,

v.

ARTHUR MURRAY, INC., a New York Corporation, Defendant and Respondent.

Beatrice RICE, Plaintiff and Appellant,

v.

ARTHUR MURRAY, INC., a New York Corporation, Defendant and Respondent.

Myn CLEARY, Plaintiff and Appellant,

v.

ARTHUR MURRAY, INC., a New York Corporation, Defendant and Respondent.

Gwendolyn LANDENBERGER, Plaintiff and Appellant,

v.

ARTHUR MURRAY, INC., a New York Corporation, Defendant and Respondent.

Frances W. KENNEDY, Plaintiff and Appellant,

v.

ARTHUR MURRAY, INC., a New York Corporation, Defendant and Respondent.

Nos. 14286–14290.

Supreme Court of Utah.

May 5, 1976.

William H. Henderson and Joseph C. Fratto, Salt Lake City, for plaintiffs and appellants.

Philip R. Fishler of Strong & Hanni, Salt Lake City, for defendants and respondents.

TUCKETT, Justice:

The plaintiffs appeal from an order of the district court dismissing their complaints on the ground that the court had not acquired jurisdiction over the defendant. While the plaintiffs filed separate complaints, each alleging cause of action for fraud against the defendant, the ruling complained of by the district court is common to each case and is dealt with here as though it were one appeal. Plaintiffs are residents of Salt Lake County and filed their separate complaints in the District

Court of Salt Lake County and caused service of summons to be made upon the defendant in the state of Florida. Defendant is a corporation organized and existing under the laws of the state of Delaware with its principal office and place of business in Coral Gables, Florida.

After the service of summonses and copies of the complaints upon the defendant in the state of Florida, the defendant appeared specially to move the court to dismiss the complaints on the ground and for the reason that the court had not acquired jurisdiction over the defendant.

After a hearing on the motion, the court below found that the defendant has never qualified to do business in the state of Utah, nor has it ever done business in this State. The court further found that an Arthur Murray Dance Studio was operated in Salt Lake City, Utah, but that the studio was operated by a franchisee of the defendant, and except for isolated visits by auditors of the defendant, Arthur Murray, Inc., has not maintained an office in, done business in, had an agent, employee or officer or other representative in the state of Utah, neither before, during or since the times referred to in plaintiffs' complaints. The court granted the defendant's motion to quash the service of summons served on behalf of each of the plaintiffs. During the times mentioned in the plaintiffs' complaints an Arthur Murray Dance Studio was operated in Salt Lake City and was in fact operated by a franchisee or franchisees who were not made parties to these proceedings. The contract entered into by the franchisee and the defendant contains the following pertinent language:

(a) The franchisee will include provision in each enrollment agreement or contract entered into with a student relating to the taking of dancing lessons or the payment therefor substantially as follows: This agreement is made by student with the franchised owner of the studio in which he or she is enrolling and said franchisee is solely responsible for the performance of this contract and the dancing lessons provided for herein. As

student, I understand and agree that this contract is made by me solely with the above studio, as seller and does not directly or indirectly constitute an agreement with or an obligation of Arthur Murray, Inc., or any of its employees.

\* \* \* \* \* \*

(c) Franchisee agrees to use at all times the words "a franchised studio" whenever "Arthur Murray Studio," "Arthur Murray Dance Studio," "Arthur Murray School of Dancing," or any variation thereof is used in the franchisee's advertising or printed matter. The franchisee agrees to use in his appointment cards, receipts, etc., wherever the name "Arthur Murray" appears, the phrase "Arthur Murray Dance Studio," _____ "franchisee," (the blank to be filled in with the franchisee's name).

(d) The franchisee will immediately have the phrase "Arthur Murray Dance Studio" _____ "owner and franchisee" (the blank to be filled in with the franchisee's name) painted on the outer door of entrance to the franchisee's studio or studios.

The defendant did furnish to the franchisee instructional material, various forms of advertising and promotional materials, including dance competitions. For its services the defendant charged the franchisee a percentage of the income received from students who paid for dancing instruction. Auditors from the defendant's office checked the books of the franchisee on an annual or biannual basis to determine whether the defendant was receiving the agreed percentage. The defendant carried on no other activity in the state of Utah, nor did it supervise or engage in the management of the dance studio.

In order for the Utah court to acquire jurisdiction over the defendant it could only be accomplished on the basis of Section 78-27-24, U.C.A.1953, which provides in part as follows:

Any person . . . whether or not a citizen or a resident of this state, who in person or through an agent does any of the following enumerated acts, submits

himself, and if an individual, his personal representative, to the jurisdiction of the courts of this state as to any claim arising from:

(1) The transaction of any business within this state;

(2) Contracting to supply services or goods in this state;

(3) The causing of any injury within this state whether tortious or by breach of warranty; . . . .

The activity of the defendant in this State does not meet the requirements of the above section which has been construed and dealt with in a number of decisions by this court.[1]

We are of the opinoin that the decision of the district court in determining that it had not acquired jurisdiction over the defendant is amply supported by the record, and the decision is affirmed. Defendant is entitled to costs.

HENRIOD, C. J., and ELLETT and CROCKETT, JJ., concur.

MAUGHAN, J., concurs in the result.

1. *Dunham-Bush, Inc. v. Bill Hartmann Plumbing & Heating, Inc.*, 30 Utah 2d 177, 515 P.2d 92; *Foreign Study League v. Holland-America Line*, 27 Utah 2d 442, 497 P. 2d 244; *Hill v. Zale Corporation*, 25 Utah 2d 357, 482 P.2d 332; *Union Ski Company v. Union Plastics Corp.*, Utah, 548 P.2d 1257.