E. J. HORTON and West Coast Recovery Services, Inc., a Washington Corporation, Plaintiffs and Appellants,

v.

Vernon L. RICHARDS, Walter J. Plumb III, and West Coast Recovery Services of Utah, Inc., Defendants and Respondents.

No. 15592.

Supreme Court of Utah.

April 18, 1979.

**892**

Jerome H. Mooney, of Mooney, Jorgensen & Nakamura, Salt Lake City, for plaintiffs and appellants.

Harold A. Hintze and Walter J. Plumb III, of Fox, Edwards & Plumb, Salt Lake City, for defendants and respondents.

STEWART, Justice:

This is an appeal from an order dismissing the complaint of West Coast Recovery Services, Inc., a Washington corporation, (hereinafter Washington West Coast) pursuant to Utah Code Ann.[1] Sec. 16–10–120. Appellant, Washington West Coast, has never applied for, or procured, a certificate of authority to do business in Utah as required by Section 16–10–106 of the Business Corporation Act.

Washington West Coast's first claim for relief seeks an accounting and damages for breach of a contract between it and defendant Richards. In the second claim for relief Horton and Washington West Coast seek an accounting and damages for wrongful appropriation of their trade name, directory listings, other accouterments of Washington West Coast's image and good will, and injunctive relief.

After a hearing the trial court dismissed without prejudice the complaint upon a finding that Washington West Coast was doing business in Utah and was consequently barred from access to our courts until it procured a certificate of authority in accordance with the Utah Business Corporation Act. The specific statutory authority for dismissal is Section 16–10–120 which provides as follows:

No foreign corporation transacting business in this state without a certificate of authority shall be permitted to maintain any action, suit or proceeding in any court of this state, until such corporation shall have obtained a certificate of authority. Nor shall any action, suit or proceeding be maintained in any court of this state by any successor or assignee of such corporation on any right, claim or demand arising out of the transaction of business by such corporation in this state, until a certificate of authority shall have been obtained by such corporation or by a corporation which has acquired all or substantially all of its assets.

The failure of a foreign corporation to obtain a certificate of authority to transact business in this state shall not impair the validity of any contract or act of such corporation, and shall not prevent such corporation from defending any act of [action], suit or proceeding in any court of this state.

On this appeal, no issue is raised as to the right of plaintiff Horton to pursue his claims. Washington West Coast asserts that the trial court erred (1) in finding that Washington West Coast was "doing business" in Utah, and (2) in refusing to hold that defendants had waived the defense under Section 16–10–120 by asserting a counterclaim. Washington West Coast also contends that Section 16–10–120 should not be construed to bar actions for wrongful appropriation of its name, since, it is argued, Washington West Coast could not

---

1. All statutory references are to Utah Code Annotated (1953), as amended.

have registered to do business because of the similarity of its name and that of the defendant, West Coast Recovery Services of Utah, Inc.

The Washington West Coast-Richards contract provided for Richards to take "financial adjustment" referrals from Washington West Coast. Financial adjustment consists principally of repossession and liquidation of personal property on behalf of clients who hold security interests in the property. Richards' function was to perform the work involved in the adjustment and split the fees with Washington West Coast.

■ The evidence shows that Washington West Coast instructed Richards in financial adjustment, that telephone and other directory listings for the Utah office which Richards managed were maintained in Washington West Coast's name, that a bank account for the Utah operation was maintained in Washington West Coast's name, that Washington West Coast's president held himself out to be president of the Utah operation, and that Washington West Coast asserted ownership of Richards' office records. That evidence amply supports the finding that Washington West Coast was doing business in Utah.

■ In *Booth & Co. v. Wiegand*, 30 Utah 135, 142, 83 P. 734, 737 (1906), this Court stated, "The words 'doing business,' as used in these provisions, refer to a general transaction of business . . . The statute obviously relates to some regular or customary business." Clearly the activities of Washington West Coast meet this standard. See also *The Foster Co. v. Nelson Bros. Construction Co.*, 18 Utah 2d 430, 424 P.2d 881 (1967); *Marchant v. National Reserve*

*Co. of America*, 103 Utah 530, 137 P.2d 331 (1943); and *Barse Live-Stock Comm. Co. v. Range Valley Cattle Co.*, 16 Utah 59, 50 P. 630 (1897). The statement in Section 16-10-102 of the Business Corporation Act of the activities an uncertificated foreign corporation may carry on without "doing business", does not assist Washington West Coast. Under that section, a foreign corporation may "effect[ing] sales through [an] independent contractors," but Washington West Coast's activities went beyond that activity even if it could be said that it made sales through an independent contractor. Furthermore, even if it be assumed, as plaintiff asserts, that a foreign corporation may collect its own debts and foreclose its own security interests [2] it may not, without a certificate, carry on a business of foreclosing for others and still have access to our courts.[3]

Washington West Coast complains that it is precluded from procuring a certificate of authority to do business in Utah because Richards has formed a Utah corporation with a name so similar to Washington West Coast's that its application for a certificate would be rejected by the Secretary of State. In such circumstances, Washington West Coast argues, a foreign corporation should have access to Utah courts, at least to sue the person who has usurped its name.[4] There is no allegation in the pleadings and no proof, however, of any attempt by Washington West Coast to apply for a certificate or to solve any problem the name similarity might present. In any event, the trial court did not consider whether Richards' pre-emption of the West Coast name affected Washington West Coast's statutory disqualification, and this Court cannot properly do so on the record before it.

2. Utah Code Ann. Sec. 16-10-102.

3. It is clear that a "somewhat greater quantum of business activity is required in order to compel a foreign corporation to qualify to do business within the state . . . than that which merely renders it subject to the service of process" *Dunham-Bush, Inc. v. Bill Hartmann Plumbing & Heating, Inc.*, 30 Utah 2d 177, 179, 515 P.2d 92, 93 (1973).

4. It has been held by some courts that the bar to a foreign corporation's bringing suit when it

is not licensed does not apply when a domestic corporation knowingly or fraudulently appropriates the name of the foreign corporation. *Seaboard Finance Co. v. Martin*, 244 F.2d 329 (5th Cir. 1957) (applying Louisiana law); *General Film Co. v. General Film Co.*, 237 F. 64 (8th Cir. 1916) (applying Missouri law); *Hoevel Sand-Blast Mach. Co. v. Hoevel*, 167 App.Div. 548, 153 N.Y.S. 35 (1915); *Household Finance Co. v. Household Finance Co.*, 11 F.Supp. 3 (D.C.W.Va.1935) (applying West Virginia law). See generally, Annotation, 26 A.L.R.3rd 994.

Finally, Washington West Coast argues that Richards, by filing a counterclaim in the action, invoked the jurisdiction of the court and thereby waived the defense provided by Section 16–10–120. We do not believe that the filing of a counterclaim should be construed to be a waiver. The plaintiff may, of course, defend against the counterclaim, see *John C. Cutler Assn. v. Defay Stores*, 3 Utah 2d 107, 279 P.2d 700 (1955). But the purpose of barring a foreign corporation from seeking affirmative relief is to compel compliance with state taxing and regulatory laws. That purpose is best served by requiring the foreign corporation to comply first as a condition to permitting it to assert a claim upon which relief may be granted. Although the defense is personal to the extent that the defendant may waive the defense by not asserting it, see *J. B. Colt Co. v. District Court of Fifth Judicial District*, 72 Utah 281, 267 P. 1017 (1928); *Tooele Meat & Storage Co. v. Eite Candy Co.*, 57 Utah 1, 168 P. 427 (1917), it is not waived simply by filing a counterclaim.

The judgment is affirmed. Costs to Respondents.

CROCKETT, C. J., and MAUGHAN, WILKINS and HALL, JJ., concur.